**UNITED STATES, Appellee,**

v.

**Specialist Kevin L. BROWN, 204–48–3190, United States Army, Appellant.**

**ACMR 8702907.**

U.S. Army Court of Military Review.

28 Oct. 1988.

 

For Appellant: Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Gary L. Hausken, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before ADAMKEWICZ, MYERS and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Contrary to his pleas, appellant was convicted of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter UCMJ]. Appellant was sentenced to a dishonorable discharge, confinement for seven years, forfeiture of $405.60 pay per month for 84 months, and reduction to Private E1. The convening authority reduced the forfeitures to $405.00 pay per month for 84 months and approved the remainder of the adjudged sentence and the forfeitures as reduced.

Appellant alleges that his statement admitting his involvement in the rape was obtained in violation of his fifth amendment right to counsel under *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and that the military judge erred by admitting the statement into evidence. We disagree.

On the morning of 12 September 1987, appellant and other suspects to a rape that occurred the night before were apprehended. After some preliminary processing, appellant was warned of his rights and questioned about the rape. At that time, appellant waived his rights and denied any role in the crime. Appellant was then released.

Later that day, appellant was apprehended a second time after another suspect implicated him in the rape. While at the Criminal Investigation Command's [hereinafter CID] office, appellant was introduced to Captain S, the command prosecutor at Fort Ord. Before appellant was interviewed for the second time, appellant requested to speak to Captain S in private. Whether appellant's request came before or after he was advised of his Article 31(b), UCMJ, rights was disputed at trial. Captain S talked with appellant briefly and told him that she could not give him any advice because she was a prosecuting attorney. Appellant was then interviewed and made an inculpatory statement to the CID investigator. After holding a hearing, the military judge denied appellant's motion to

suppress his statement on constitutional grounds.

■ On appeal, appellant argues that his request to speak privately with Captain S amounted to an unequivocal request for the assistance of a defense counsel under the fifth amendment and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880.[1] Thus, appellant claims that any statement taken from him following his request for a lawyer should be suppressed. We, however, do not view appellant's request to speak with Captain S as a bar to further interrogation without counsel.

In this case, appellant requested to speak with Captain S who had been introduced to him as the prosecutor for the government. His request was honored by the investigators. Appellant then without objection or additional requests proceeded with the CID interview. Appellant's request was limited and will not be broadly interpreted as an invocation of the right to counsel.

■ The mere fact that appellant requested to speak to someone who happened to be a lawyer does not necessarily amount to an assertion of the right to counsel. *Cf. United States v. Whitehead,* 26 M.J. 613, 617 (A.C.M.R.1988) (The court declined to adopt the position that "all questioning must cease once a suspect mentions the word 'counsel' or 'attorney.'"). Appellant's "unambiguous limited request for counsel is to be construed according to its plain meaning." *Id.* at 618 (citing *Connecticut v. Barrett,* 479 U.S. 523, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987)). Here, appellant's request was not ambiguous, but clear and concise. On direct examination, during an Article 39(a), UCMJ, session, appellant was asked by his counsel if appellant had asked to speak to an attorney. Appellant responded "[t]hat was just to speak to Captain [S], sir."

In *Connecticut v. Barrett,* the Supreme Court held that the defendant who agreed to talk with investigators but refused to make a written statement without an attorney present was not deemed to have invoked his right to counsel as to his oral statements. That Court refused to construe the defendant's limited invocation of his right to counsel to written statements as an invocation of his right to counsel for all purposes, especially where the defendant testified that he fully understood his rights and demonstrated a willingness to talk. The Supreme Court specifically refused to disregard the plain meaning of the defendant's unambiguous statement. *Connecticut v. Barrett,* 479 U.S. at 529–530, 107 S.Ct. at 832.

■ Here, appellant did not make a request for a lawyer or to stop the questioning once he spoke with Captain S. While in custody earlier that day, appellant was advised of his Article 31(b), UCMJ, rights. He was also advised of his rights a second time either before or immediately after his request to speak to Captain S. Appellant indicated during the Article 39(a), UCMJ, session that when he was advised of his rights the first time that day, he understood at that time he had a right to a defense lawyer.[2] At the time appellant made the request to talk with Captain S, he knew and understood that he had the right to an attorney to assist him but appellant specifically asked to talk to Captain S, the command prosecutor. Thereafter, appellant was re-advised of his rights to counsel.[3] At the second interview, appellant

1. In *Edwards,* the Supreme Court held that police officials may not ask further questions of a suspect who has requested counsel until a lawyer has been provided, unless the suspect himself initiates further communications with them.

2. Appellant also testified at the Article 39(a) session that he had a conversation with Captain S while in custody of the CID agent the first time. Appellant acknowledged that from this prior conversation he knew that Captain S was a lawyer but could not recall any mention of her being a prosecutor for the government. However, we are satisfied from the record that CPT S was introduced to the appellant as a prosecutor assisting the CID in its investigation.

3. At trial, the military judge found as fact that appellant requested to speak with Captain S prior to being advised of his Article 31 rights a second time. On appeal, appellant disagrees with the military judge's findings and argues that appellant requested to speak to Captain S after he was advised of his rights. Unfortunately, Captain S chose not to recuse herself from

never exhibited an unwillingness to talk to the investigator. There is no evidence to indicate that Captain S or the CID investigators misled appellant about the desirability of retaining a lawyer or attempted to persuade appellant to waive his right to counsel. *Cf. United States v. Fouche*, 833 F.2d 1284, 1288 (9th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1756, 100 L.Ed.2d 218 (1988) (statement held admissible even though obtained after accused asked investigator about retaining a lawyer and the investigator responded that he was not a lawyer and would not give advice). When Captain S refused to assist him, appellant was not precluded from requesting "another" lawyer who could advise him. Appellant clearly knew he had a right to his own attorney but he elected to go it alone. He never expressed the desire to communicate with police authorities only through counsel. *See Edwards v. Arizona*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85. *See also Arizona v. Roberson,* — U.S. —, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) (assertion of counsel right raises a presumption that suspect is unable to proceed without the assistance of counsel).

It is irrelevant that appellant's desire to talk to a prosecutor may have been illogical. *Cf. Connecticut v. Barrett*, 479 U.S. at 530, 107 S.Ct. at 833 (a suspect who agrees to talk but refuses to sign a statement without counsel does not invoke his right to counsel as to the oral statement). In this case, appellant's remarks were not an ambiguous request for counsel requiring clarification. *See Smith v. Illinois,* 469 U.S. 91, 96 n. 3, 105 S.Ct. 490, 493 n. 3, 83 L.Ed.2d 488 (1984); *United States v. Whitehead,* 26 M.J. at 617. Our recent holding in *United States v. Whitehead* that "a limited request need not be interpreted by police officials as an unlimited assertion for representation by counsel" applies with equal vigor here. *United States v. Whitehead*, 26 M.J. at 618. In short, we believe that a request by a suspect to speak to a prosecuting attorney is not an assertion of the *Miranda*[4] rights thereby precluding further interrogation under *Edwards v. Arizona.*

We are satisfied that appellant was fully warned of his rights and that his waiver of his right to counsel was knowing and intelligent as well as voluntary. We do not accept the theory that appellant must understand and know every possible consequence of waiver of the Fifth Amendment right to counsel before waiver of that right is deemed effective. *Connecticut v. Barrett,* 479 U.S. at 530, 107 S.Ct. at 833; *Colorado v. Spring,* 479 U.S. 564, 107 S.Ct. 851, 857, 93 L.Ed.2d 954 (1987); *Oregon v. Elstad,* 470 U.S. 298, 316, 105 S.Ct. 1285, 1297, 84 L.Ed.2d 222 (1985). The standard warnings used in military practice, in an

---

her role as trial counsel and thus, did not testify. *See generally, United States v. Baca*, 27 M.J. 110 (C.M.A.1988); Dep't of Army Pam 27–26, Rules of Professional Conduct for Lawyers, Rule 3–7 (31 Dec. 1987) (discussing counsel as a witness). The investigators present at the time of the request were unsure whether the request came before or after the rights advisement. Appellant, however, testified he talked to Captain S before the rights advisement. Although the question whether appellant was advised of his rights before or after his request to speak with Captain S is not controlling in light of our disposition of the issue in this case, we find support in the record for the trial judge's findings of fact that appellant requested to speak to Captain S before he was advised of his rights a second time. If appellant's request had been construed as an unlimited request "for counsel," we believe, contrary to the government's brief, that the request would have been an invocation of his right to counsel under the Fifth Amendment and would have precluded further interro-

gation even though it occurred before the rights advisement. *United States v. Goodson*, 22 M.J. 22 (C.M.A.1986), *remanded,* 22 M.J. 947 (A.C.M.R.1986) (accused's request for a lawyer prior to the interview but while being "processed" at the military police station amounted to a request for an attorney under the Fifth Amendment). In any event, there is no disagreement that the appellant had been advised of his right to have counsel provided at the earlier interrogation session that day and that he was aware of his rights to counsel when he asked to speak to Captain S.

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *United States v. Tempia,* 37 C.M.R. 249 (C.M.A.1967), guarantees the same counsel rights to a military accused. *See also United States v. Applewhite,* 23 M.J. 196 (C.M.A.1987) (once an accused invokes his right to counsel, he will not be subjected to further interrogation until counsel is made available or the accused initiates further communication).

ordinary case, provide a suspect with a sufficient basis for making a valid waiver of his or her right to counsel. The military judge did not err in admitting the statement.

On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Judge MYERS and Judge SMITH concur.