UNITED STATES, Appellee,

v.

Corporal James M. LOCKWOOD, 454–59–4636, United States Army, Appellant.

ACMR 8900413.

U.S. Army Court of Military Review.

11 July 1990.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Jeffrey J. Fleming, JAGC, Captain W. Renn Gade, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KUCERA, GILLEY and GRAY, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge: *

Contrary to appellant's pleas, a military judge sitting as a general court-martial convicted the appellant of absence without

---

* Judge Dewey C. Gilley, Jr. took final action on this case prior to his retirement.

authority (three specifications) and stealing currency through writing checks with the intent to defraud (forty-seven specifications) in violation of Articles 86 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 923a (1982) [hereinafter UCMJ]. The convening authority approved the sentence of a bad-conduct discharge, confinement for two years, total forfeiture of pay and allowances, and reduction to the grade of Private E1.

■ The principal issue here is whether the appellant's request for counsel was met regarding an interrogation by a member of the Air Force Office of Special Investigations. If not, was the later interrogation, which produced incriminating admissions, lawful? We find that when the government offers "counsel" to satisfy a suspect's request for assistance at police interrogation that counsel must be a lawyer certified under Article 27 of the UCMJ, 10 U.S.C. § 827, that is, a lawyer licensed by an American jurisdiction. If not, admissions provided then or later at police-initiated interrogations are inadmissible until such a lawyer is made available to the soldier.

The appellant was in British custody for British offenses related to the eventual court-martial charges for larceny. Air Force agents desired to speak with him about the American offenses. They saw that the appellant's British court-appointed solicitor was present for a preliminary hearing in a British court. The Air Force agents asked the British solicitor to accompany them to the appellant's cell. There the agents informed the appellant of his rights and the solicitor became the appellant's "counsel." The appellant proceeded to make oral admissions, apparently without any confidential discussion with his "counsel." Another Air Force police-initiated interview occurred at an Air Force Base one week later after release of the appellant from the British jail. No counsel was present. Nor had the appellant seen another "counsel" since the first interrogation. He made additional incriminating oral statements. He then asked that a military counsel be provided before he gave a written statement.

■ The military judge denied the appellant's objection at trial to admission of his incriminating pretrial statements. He found that the appellant had only requested to speak with his British solicitor and had not requested counsel certified in accordance with Article 27. The military judge made the following finding:

> that [the appellant] was properly advised of his rights; that he did not request legal representation other than that provided to him apparently by British authorities ... and, that [appellant] chose to waive his rights to counsel and make statements.

We do not accept that finding. The Air Force agents took the British solicitor to the appellant's jail cell, and in essence said "will he do." The government cannot sponsor a person as a "counsel" who in fact is not so qualified and then find that the suspect waived his right to the assistance of counsel for interrogation. We find poignant the following material printed for instructions on the Air Force's Interview Record and the handwritten entries for that first interrogation:

### III. PERTINENT DETAILS AND SPECIFIC REQUESTS

List below other pertinent details of the interview, including significant requests made by interviewee to see counsel, chaplain, commander, doctor, etc., personal relief, refreshment breaks, etc.

| EVENTS | TIME | ACTION TAKEN |
| --- | --- | --- |
| S. requested to be interviewed in the presence of counsel | 1245 | Request granted |

The Court of Military Appeals has adopted the Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), *cert. denied*, 396 U.S. 868, 90 S.Ct. 140, 24 L.Ed.2d 122 (1969) that military personnel have the right to the presence of an attorney during interrogation. *United States v. Tempia*, 37 C.M.R. 249 (1967). That right has been codified in the Manual for Courts–

Martial, United States, 1984, Military Rule of Evidence 305(d) [hereinafter MCM, 1984 and Mil.R.Evid.]. Drawn in conjunction with UCMJ Article 27(b), a defense counsel "must be a judge advocate ... or is a member of the bar of a Federal court or of the highest court of a State...." The government acknowledges that the British solicitor was not such a "counsel," yet, it produced the "counsel" and held out that he would and did suffice as "counsel" demonstrated by the police's annotation stating appellant's request had been granted.

■ We find that when the government serves up "counsel" on a platter, it implicitly warrants that "counsel" meets the requirements of UCMJ Article 27(b). This was not a situation in which the appellant asked from his custodial perch for his solicitor to be brought to him. The appellant was asked if he had a "say" in who his attorney would be. He replied:

[p]retty much so. That was the only attorney available at the time so I agreed to go along with what they had.

Military Rule of Evidence 305(g) places the burden on the government to prove by a preponderance of the evidence that the suspect waived the right to counsel. We are not satisfied from this record that the appellant intelligently waived his right to counsel. That is, the government did not meet its burden, and the military judge abused his discretion in ruling that the appellant waived his right to counsel. The police investigators warranted that the British solicitor would "suffice;" any waiver based on that supposition was invalid.

*Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981), *reh'g denied*, 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981) held that the constitution precludes further interrogation by "the authorities" until counsel has been made available to a suspect in custody—which the appellant surely was—who asks to speak with a lawyer. We recognize that this court has not required the appellant to know all the niceties of the Fifth Amendment right to counsel before we will find waiver under the constitution, including the explications by the Military Rules of Evidence based on case precedent. *See Unit-*

*ed States v. Brown*, 27 M.J. 614, 617 (A.C. M.R.1988), *aff'd*, 28 M.J. 232 (C.M.A.1989), *cert. denied*, — U.S. —, 109 S.Ct. 3217, 106 L.Ed.2d 567 (1989). But here the government pre-arranged for a person not meeting the requirements of military law to serve as "counsel," to be presented to the appellant as a way to meet his demand of his rights to counsel. Accordingly, we find that the record does not establish that the appellant waived his right to counsel, with the result per the Military Rules of Evidence and *Edwards v. Arizona* that his oral admissions both at the first and second interrogations were inadmissible.

■ Nevertheless, we find beyond a reasonable doubt that the properly admitted remaining evidence so proved the appellant's guilt of dishonorable failure to maintain sufficient funds in his account to pay the checks upon their presentment. *See* MCM, 1984, Part IV, para. 68. As found by the military judge, the evidence establishes appellant's guilt of absence without leave. We will affirm so much of the findings of guilty as so found. *See United States v. Remai*, 19 M.J. 229 (C.M.A.1985).

We find the appellant's assignment of error that he was denied a speedy trial to be without merit.

The findings of guilty of Charge I and its Specifications are affirmed. Only so much of the remaining findings of guilty, that is of the renumbered Charge II and its forty-seven specifications, are affirmed as find that the appellant did dishonorably fail to maintain sufficient funds in his account to pay the checks upon their presentment, in violation of UCMJ Article 134, 10 U.S.C. § 934. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

Senior Judge KUCERA and Judge GRAY concur.