**UNITED STATES, Appellee,**

v.

**Paul C. PORTER, Defendant, Appellant.**

**No. 83–1791.**

United States Court of Appeals,
First Circuit.

Oct. 31, 1985.

Before CAMPBELL, Chief Judge, COF-FIN, BOWNES, BREYER, TORRUELLA, Circuit Judges, and PEREZ–GIMENEZ,[*] District Judge.

## ORDER OF COURT

We do not consider this opinion to announce a per se rule. Rather, we need only say, as several other circuits have said, that where the accused's words and actions are ambiguous as to whether he wishes a

---

[*] Of the District of Puerto Rico, sitting by designa-

lawyer (at least as ambiguous as in the present case), the questioning officers must find out more specifically whether he wants a lawyer before they can proceed further with other questioning. On the record before us, we deem the questioning impermissible even under a standard that restricts further questioning to clarify an ambiguous request for counsel. *See, e.g., United States v. Cherry*, 733 F.2d 1124, 1130–31 (5th Cir.1984) (citing *Thompson v. Wainwright*, 601 F.2d 768, 772 (5th Cir. 1979) and *Nash v. Estelle*, 597 F.2d 513, 517 (5th Cir.1979) (en banc); *United States v. Riggs*, 537 F.2d 1219, 1222 (4th Cir.1976); *United States v. Prestigiacomo*, 504 F.Supp. 681, 683 (E.D.N.Y.1981); *United States v. Grullon*, 496 F.Supp. 991, 997 (E.D.Pa.1979).

This order in no way changes Chief Judge Campbell's concurring Dubitante.

The petition for rehearing and the suggestion for rehearing en banc are denied.