**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pierre FOUCHE, Defendant-Appellant.**

No. 86–5157.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1987.

Decided April 9, 1987.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 15, 1987.

Enrique Romero, Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Los Angeles, Cal., for defendant-appellant.

Before FERGUSON, NELSON and BEEZER, Circuit Judges.

NELSON, Circuit Judge:

Pierre Fouche appeals his conviction on two counts of unarmed bank robbery, under 18 U.S.C. § 2113(a) (1982). He contends that the district court erred in denying his motion to suppress a confession that was allegedly obtained in violation of his *Miranda* rights. We hold that the government agent's questions were fairly designed to clarify Fouche's equivocal request for counsel and that Fouche made a knowing and voluntary waiver of his *Miranda* rights. Since Fouche has made no claim that the confession was otherwise involuntary, we conclude that the confession was properly admitted into evidence at trial. We affirm.

I

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal comes before us for the second time. Fouche originally filed a motion to suppress his confession in June, 1984, before trial. He contended that his interrogators failed to clarify his equivocal request for counsel before obtaining his confession, thereby violating his *Miranda* rights. The district court denied the motion and in October 1984 Fouche was convicted on two counts of unarmed bank robbery pursuant to 18 U.S.C. § 2113(a). Fouche appealed.[1] We remanded to the district court for further findings of fact, to determine whether or not the interrogating agents had sufficiently clarified Fouche's request before continuing the interrogation. *United States v. Fouche*, 776 F.2d 1398, 1405 (9th Cir.1985). The district court, on remand, held an evidentiary hearing in June 1986 and upheld its original decision to deny the motion to suppress the confession. Fouche filed a timely appeal of that decision.

The preliminary facts of this case, as determined at trial and presented to us on the first appeal, are set forth in detail in *Fouche*, 776 F.2d at 1401–02. The facts relevant to this case are as follows. On May 3, 1984, Pierre Fouche was arrested on suspicion of bank robbery. He was taken to the Montebello Police Station where he was booked and questioned by FBI agents. Before beginning the interrogation, the agents read Fouche his *Miranda* rights from an "Interrogation: Ad-

---

1. In his first appeal, Fouche raised several other issues which were resolved and are therefore no longer before us on this appeal. *United States v. Fouche*, 776 F.2d 1398 (9th Cir.1985)

vice of Rights" form.[2] That form explains the *Miranda* rights in simple, clear language and exceeds the minimum requirements of *Miranda*. It informs the suspect that he has the right to consult counsel before interrogation begins and during interrogation. It further adds that the suspect has the right to stop an interrogation and consult counsel at any time, even after an initial waiver of those rights. The FBI agents asked Fouche if he understood his rights and wished to waive them, and obtained a written waiver from him.

After responding to several questions, Fouche stated that he "might want to talk to a lawyer," and that he did want to make a telephone call. The FBI agents stopped the interrogation immediately and allowed Fouche to leave the room to make a telephone call. Before leaving the room, Fouche told the agents to wait for him because he might want to talk to them after making his call. Fouche did not call his lawyer, but chose to call his wife instead.

When Fouche returned to the interrogation room, FBI Agent Alba immediately reread the rights forms and again asked Fouche if he understood his rights and if he wished to waive them. Fouche repeated that he understood his rights and that he wanted to waive them. Fouche told Agent Alba that he had called his wife rather than a lawyer. Agent Alba asked Fouche about his conversation with his wife, and Fouche said that his wife had told him to do what he wanted to do. Fouche asked Agent Alba what Alba thought Fouche should do. Alba replied that he was not a lawyer and therefore would not give advice. Agent Alba then asked Fouche if he wanted to make a statement regarding the bank robberies. Fouche indicated that he did. The interrogation continued and Fouche ulti-

mately made a full confession which was admitted into evidence against him. We note jurisdiction under 28 U.S.C. § 1291.

## II

## DISCUSSION

### A. *Standard of Review*

The question whether the statements of government agents following an equivocal request for counsel were fairly designed to clarify that request is an essentially factual question that we review under a clearly erroneous standard. *See United States v. McConney*, 728 F.2d 1195, 1200–02 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *cf. United States v. Poole*, 806 F.2d 853 (9th Cir.1986) (holding that the determination whether a government agent's questions amounted to custodial interrogation is an essentially factual inquiry reviewable for clear error) (amending 794 F.2d 462 (9th Cir.1986)).

Fouche claims that the government agents' failure to clarify his equivocal request for counsel prevented him from making a voluntary waiver of his *Miranda* rights. We review the district court's determination that the defendant knowingly and voluntarily waived his *Miranda* rights under the clearly erroneous standard. *United States v. Doe*, 819 F.2d 206, 209 (9th Cir.1987); *United States v. Bernard*, 795 F.2d 749, 751, 753 (9th Cir.1986). It is not clear what effect, if any, *Colorado v. Connelly*, —— U.S. ——, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), will have on this standard of review. *See United States v. Wolf*, 813 F.2d 970, 975–76 n. 16 (9th Cir.1987) (questioning, without resolving, whether *Colorado v. Connelly* suggests that de novo review of the voluntariness of waivers

---

**2.** The "Interrogation: Advice of Rights" forms reads as follows:

Before we ask you any questions you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have a lawyer with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

of the right to silence may be appropriate). We need not resolve this question, however, because under either a de novo or clearly erroneous standard, we would reach the same result.

## B. *The Equivocal Request for Counsel*

Before custodial interrogation may begin, every suspect must be informed of his right to remain silent and of his right to counsel. *Miranda v. Arizona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). He may not be interrogated unless and until he waives those rights. *Id.* If the suspect at any time invokes his right to counsel, all questioning must cease and must not resume until the suspect consults with counsel or initiates further contacts with his interrogators. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981). In some circumstances, however, the request for counsel may be equivocal or ambiguous, as when Fouche said that he *might* want to talk to a lawyer or *might* want to talk to the FBI agents. *Miranda* recognized that

> [i]f [a suspect] is indecisive in his request for counsel, there may be some question on whether he did or did not waive counsel. Situations of this kind must necessarily be left to the judgment of the interviewing Agent.

*Miranda,* 384 U.S. at 485, 86 S.Ct. at 1633 (quoting letter from Solicitor General). We have decided that in such cases "the police must cease all questioning, except that they may attempt to clarify the suspect's desire for counsel." [3] *Fouche,* 776 F.2d at 1404. If the clarification reveals that the suspect does not want counsel, the interrogation may continue. *Id.* at 1405. We have already held that Fouche's statement that he "might want to talk to a lawyer" constituted an equivocal request for counsel; therefore, we consider only whether Agent Alba sufficiently clarified Fouche's equivocal request before proceeding with the interrogation.

The seminal case addressing waiver of the right to counsel after an equivocal request is *Nash v. Estelle,* 597 F.2d 513 (5th Cir.) (en banc), *cert. denied,* 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979), whose reasoning we recently adopted. *Fouche,* 776 F.2d at 1404–05. The court in *Nash* ruled that government agents may question a suspect after an equivocal request for counsel. The court warned, however, that such questioning must be limited to attempts to clarify the request and must not coerce or intimidate the suspect into waiving his rights. *Nash,* 597 F.2d at 517–18. The "critical factor" in determining the validity of the government's behavior is "whether a review of the whole event discloses that the interviewing agent has impinged on the exercise of the suspect's continuing option to cut off the interview." *Id.* at 518.

We find that Agent Alba's statements to Fouche after Fouche's equivocal request and before his confession were fairly designed to clarify Fouche's ambiguous request, and did not constitute interrogation in violation of *Miranda.* Agent Alba scrupulously cut off questioning at the moment of Fouche's equivocal request for counsel and clarified the defendant's wishes before proceeding with the interrogation. Fouche retained the option to cut off questioning and to assert his right to counsel, but he chose not to exercise it. While a "suspect has an absolute right to terminate stationhouse interrogation, he also has the prerogative to then and there answer questions, if that be his choice." *Nash,* 597 F.2d at 517. Fouche voluntarily declined to invoke his right to counsel, choosing instead to answer Agent Alba's questions.

A small number of other federal cases have addressed the issue of the permissible scope of official questioning after an equivocal request for counsel. We agree with their holdings, but distinguish them from the present case because their facts differ from the facts before us. In *Thompson v.*

---

**3.** The Supreme Court has twice explicitly declined to rule on the permissible limits of interrogation following equivocal requests. *See Connecticut v. Barrett,* —— U.S. ——, 107 S.Ct. 828, 832 n. 3, 93 L.Ed.2d 920 (1987); *Smith v. Illinois,* 469 U.S. 91, 96, 105 S.Ct. 490, 493, 83 L.Ed.2d 488 (1984).

*Wainwright,* 601 F.2d 768 (5th Cir.1979), interrogators responded to the defendant's equivocal request for counsel with misrepresentations and prevarications. The officers told Thompson that consulting with a lawyer would preclude ever confessing to, or even discussing his story with, the police. The officers offered legal opinions and actively sought to discourage Thompson from exercising his right to counsel. The court found that such "persuasion and presumption" did not meet the strict standard of *Nash,* which requires that the defendant not be coerced into waiving his rights. *Thompson,* 601 F.2d at 772. In the case before us, no such persuasion was employed. Agent Alba never suggested to Fouche that he should not consult a lawyer. When Fouche asked Agent Alba what he should do, the agent merely replied—truthfully—that he was not a lawyer and therefore would not give legal advice. This left Fouche with every opportunity to invoke his right to counsel immediately or at any future point. Agent Alba did not mislead Fouche about the desirability of retaining a lawyer, nor did he attempt to persuade Fouche to waive his guaranteed right to counsel.

Another Fifth Circuit case, *United States v. Cherry,* 733 F.2d 1124 (5th Cir. 1984), *cert. denied,* —— U.S. ——, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987), is also factually distinguishable. The interrogating officers in *Cherry* continued to question the suspect about a murder despite the suspect's equivocal request for counsel. Cherry announced during the course of investigation that he might want to call a lawyer, and that he did not want to answer any more questions until he had spoken to a particular officer. The interrogators failed to contact the officer with whom Cherry wished to consult, and they ignored his ambiguous invocation of the right to counsel. After halting the interrogation for a few minutes, the officers proceeded to ask Cherry what he had done with the murder weapon. Cherry told them, and confessed to the murder. The court held the confession in-

voluntary because the officers had clearly failed to clarify Cherry's request before eliciting incriminating information from him.

Unlike the officers in *Cherry,* who ignored the defendant's wishes, Agent Alba respected Fouche's request to make a telephone call. Furthermore, when Fouche returned to the interrogation room, Alba did not immediately resume questioning Fouche about the bank robbery. Agent Alba first reread Fouche his *Miranda* rights in their entirety from the "Interrogation: Advice of Rights" form, and asked him again if he understood those rights and if he wished to waive them. This gave Fouche every opportunity to assert unequivocally his desire for counsel. When Fouche failed to request a lawyer, and instead agreed again to waive his rights, Alba continued to ask questions about Fouche's phone call and his state of mind, to ensure that Fouche knowingly waived his rights. Agent Alba did not return to the subject of the alleged bank robbery until he was satisfied that Fouche wanted to talk to the agents and not to a lawyer or to anyone else.

Finally, we find a factual distinction between this case and *United States v. Porter,* 764 F.2d 1 (1st Cir.1985), the leading First Circuit case applying the *Nash* standards to equivocal requests.[4] *Porter* held that a mere rereading of the *Miranda* rights does not sufficiently clarify a suspect's equivocal request for counsel. The court cautioned that "*Miranda* requires the interrogating officer to go further [than merely reading the rights] and make sure that the accused, knowing his rights, voluntarily relinquishes them." *Porter,* 764 F.2d at 7. We agree that a rote repetition of the *Miranda* rights does not prove that a defendant understood and voluntarily waived those rights. In the present case, however, Agent Alba did more than merely recite words from a card. Having once explained the rights in detail, Alba again asked Fouche if he understood what

---

4. In denying the petition for rehearing, the court of appeals made clear that its holding in *Porter* applied to equivocal as well as to un-

equivocal requests for counsel. *United States v. Porter,* 776 F.2d 370 (1st Cir.1985).

those rights meant, and if he understood what it meant to waive them. Upon receiving an affirmative reply, Agent Alba asked Fouche if he wanted to waive those rights. Even when Fouche indicated that he wished to waive the right to an attorney, Alba continued to question Fouche about that decision, to be sure that Fouche had in fact voluntarily chosen not to call counsel. Before resuming the interrogation Agent Alba asked Fouche if he wanted to make a statement.

Agent Alba did not use the exact language used by the officer in *Nash.* In Nash, the interrogator said "You do not want to have a lawyer right now?" *Nash,* 597 F.2d at 517. Agent Alba did not specifically ask Fouche if he did not want a lawyer. We believe, however, that *Nash* does not require a mechanical and talismanic repetition of the word "lawyer" when the *Miranda* warnings have been given twice, in great detail, and the suspect has understood his rights. Agent Alba's statements and questions to Fouche were within permissible limits because they did not "impinge[ ] on the exercise of the suspect's continuing option to cut off the interview." *Nash,* 597 F.2d at 518. The conversation between Agent Alba and Fouche was designed to clarify Fouche's desires, and did not seek to elicit incriminating information before Fouche had decided whether or not to speak to the FBI agents. Agent Alba properly refrained from interrogating Fouche on the subject of the bank robbery until he had ascertained that Fouche knowingly and voluntarily waived his right to counsel.

## CONCLUSION

We hold that Agent Alba sufficiently clarified Fouche's equivocal request for counsel before resuming the interrogation about the bank robbery. The ensuing interrogation did not violate *Miranda.* Fouche's confession was therefore properly admitted into evidence.

AFFIRMED.

FERGUSON, Circuit Judge, dissenting:

In *United States v. Fouche,* 776 F.2d 1398, 1404 (9th Cir.1985) [*Fouche I*], this court held that when a criminal suspect "makes an equivocal assertion of counsel the police must cease all questions except that they may attempt to clarify the suspect's desire for counsel." We concluded that interrogation could continue only if clarification revealed that the suspect did not want counsel. *Id.* at 1405. We remanded the case to the district court for additional findings concerning Fouche's and Agent Alba's communications in light of this circuit's newly adopted standard. The district court concluded that Agent Alba sufficiently clarified Fouche's request for counsel and that the interrogation and confession that followed were legitimate. The majority now affirms. I dissent because the facts of this case do not support the majority's conclusion under the standard set forth in *Fouche I.*

The majority concedes that Fouche's statement that he "might want to talk to a lawyer" constitutes an equivocal request for counsel. Thus, the only question before us is whether Agent Alba sufficiently clarified Fouche's request before proceeding with the interrogation. I submit that subsequent events instead of clarifying the defendant's equivocal request for counsel compounded the uncertainty.

After Fouche stated that "he might want to talk to a lawyer," he left the interrogation room and made a phone call to his wife. When he returned to the room, Agent Alba reread the rights forms and asked Fouche if he understood his rights and wished to waive them. Fouche stated that he did. At this point, it would appear that Agent Alba was attempting to clarify Fouche's previous equivocal request for counsel. Agent Alba questioned Fouche about his telephone conversation with his wife, and Fouche replied that his wife had told him to do what he thought was best.

The following exchange in the conversation, and the crucial dialogue in determining whether Agent Alba sufficiently clarified Fouche's request for counsel, occurred

when Fouche asked Agent Alba for legal advice. Agent Alba merely replied that he was not a lawyer and would not give advice. Agent Alba then asked Fouche if he wanted to make a statement, to which Fouche replied that he did, and the interrogation continued.

Fouche's request for advice from Agent Alba raises two issues. First, at the very least, it creates ambiguity concerning whether or not he wanted an attorney. According to the Fifth Circuit's ruling in *Nash v. Estelle*, 597 F.2d 513 (5th Cir.), *cert. denied*, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979), whose standard we adopted in *Fouche I*, 776 F.2d at 1404–05, we must review "the whole event" in our determination of whether the interviewing agent impinged on the suspect's rights. *Nash*, 597 F.2d at 518. The "whole event" here reveals that Agent Alba did not sufficiently clarify Fouche's request for counsel.

Although Agent Alba previously had read Fouche his rights and Fouche had signed a waiver form, these actions are not dispositive. As the First Circuit stated, and the majority cites, a mere rereading of *Miranda* rights does not sufficiently clarify a suspect's equivocal request for counsel. *United States v. Porter*, 764 F.2d 1, 7; *see also United States v. Cherry*, 733 F.2d 1124, 1132 (5th Cir.1984). Although Agent Alba may have done "more than merely recite words from a card," as the majority suggests, he did not do enough. The test adopted in this circuit requires that the agent sufficiently clarify whether the suspect desires counsel. *Fouche*, 776 F.2d at 1404. Only if the clarification reveals that the suspect does not want counsel may the interrogation continue. *Id.* at 1405 (citing *Thompson v. Wainwright*, 601 F.2d 768, 771 (5th Cir.1979)).

A question remains concerning whether a suspect who admits to understanding his rights actually understands those rights when he proceeds to ask the interrogating agent for advice. *Nash* may not require in every case a "mechanical and talismanic repetition of the word 'lawyer' when the *Miranda* warnings have been given twice."

Maj. Op. at 1289. Here, however, Fouche requested legal advice. In order to sufficiently clarify this request, the agent should have asked Fouche whether he wanted an attorney. Merely stating that he would not provide legal advice and asking Fouche whether he wanted to make a statement was not sufficient.

Second, I believe that Fouche's request for advice from Agent Alba may constitute a second equivocal request for counsel. The Supreme Court stated in *Miranda* that a suspect invokes his right to counsel when he "indicates in any manner and at any stage of the process" that he wishes to consult an attorney. 384 U.S. at 444–45, 86 S.Ct. at 1612. Although the Supreme Court has not defined specifically what constitutes a valid assertion of the right to counsel, other courts have found, at the very minimum, an equivocal assertion of counsel where the suspect attempted to contact his attorney by making a phone call in the presence of an agent, *United States v. Porter*, 764 F.2d 1, 6 (1st Cir.1985); where the suspect stated "[m]aybe I should talk to an attorney before I make a further statement," and "[w]hy should I not get an attorney?" *Cherry*, 733 F.2d at 1127; where the suspect both asked for appointment of counsel and expressed a desire to make a statement, *Thompson v. Wainwright*, 601 F.2d 768, 771; and where the suspect stated that "maybe it would be good to have a lawyer," *United States v. Prestigiacomo*, 504 F.Supp. 681, 683 (E.D.N.Y.1981) (applying a more lenient standard than our own in concluding that the statement was a sufficient request for counsel but also analyzing the statement as an equivocal request for counsel). Similarly, Fouche's request that Agent Alba give him legal advice constitutes a second equivocal request for counsel.

Even assuming that the majority is unwilling to find a second equivocal request, the defendant's request for advice reveals that Agent Alba failed to clarify sufficiently the first equivocal request. Further clarification was warranted. It was not forthcoming. Agent Alba's question that followed, "Do you want to make a statement?" did not clarify the matter. The

agents "may not use a statement a suspect makes after an equivocal request for counsel, but before the request is clarified." *Fouche I*, 776 F.2d at 1405. Thus, the statements that followed were inadmissible. I, therefore, respectfully dissent.