559 So.2d 1046 (1990)
Bobby KIRKLAND
v.
STATE of Mississippi.
No. 07-KA-58770.
Supreme Court of Mississippi.
April 11, 1990.
Richard B. Lewis, Bradley & Lewis, Clarksdale, for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
HAWKINS, Presiding Justice, for the court:
Bobby Kirkland has appealed from his conviction of armed robbery and as a habitual offender under Miss. Code Ann. § 99-19-81 (1987) in the circuit court of Coahoma County and sentence of fifteen years imprisonment. Because of the erroneous admission into evidence of his confession given law enforcement officers after Kirkland had informed the justice court judge that he wanted an attorney, we reverse.

FACTS
Kirkland was indicted by the Coahoma County grand jury on June 24, 1987, for feloniously robbing H.B. Miller and stealing $761.00 on January 7, 1987, and also as a habitual offender under Miss. Code Ann. *1047 § 99-19-81 (1987). At the time of his arrest, he was addicted to cocaine.
When Kirkland was first arrested on the morning of January 15, and following a chase by Clarksdale policeman Michael Self, he refused to sign a Miranda form, and refused to make any statement.
That afternoon he appeared before Kenneth Bush, the justice court judge at the county jail. Bush went through the customary magistrate proceeding, during which he advised Kirkland he could have an attorney, and Kirkland told him that he needed a court appointed attorney. Bush set his bail bond at $25,000.
Officer Tim Fortenberry, investigator with the city police department, heard Judge Bush tell Kirkland he could have a court appointed attorney. Nevertheless, immediately after Judge Bush left Fortenberry orally gave Kirkland the conventional Miranda warnings, and then proceeded to question him. Kirkland admitted he robbed Miller. James Price, another investigator for the city, was present during this questioning.
Kirkland at the pretrial suppression hearing testified he could remember nothing about the appearance before justice court or being questioned by Fortenberry and Price. He said he was having withdrawal symptoms and needing some relief from medication.
Over the objection of Kirkland, his admission to robbing Miller was offered into evidence before the jury by Fortenberry.

LAW
We have only set forth facts necessary for this decision.
The proof of Kirkland's guilt is overwhelming, and there was no need for the State to use this admission in order to make a very strong case of guilt. In addition to Miller there was another eyewitness to the robbery.
Once an accused has requested an attorney, it is improper for either the same or another law enforcement officer to question him about his criminal conduct. The rules regarding admissibility of confessions or other inculpatory statements are familiar. The Miranda warnings must be given. Rule 1.03, Miss.Unif.Crim.R.Cir.Ct. Prac. (1979); Miranda v. Arizona, 384 U.S. 436, 478-479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966); Jones v. State, 461 So.2d 686, 696-97 (Miss. 1984). The accused must then give a knowing and voluntary waiver of both his right to remain silent and his right of access to counsel. Powell v. State, 540 So.2d 13, 16 (Miss. 1989); Pinkney v. State, 538 So.2d 329, 342 (Miss. 1988).
If the accused indicates in any manner at any time prior to or during questioning that he wishes to remain silent or to have access to counsel, the officers must cease interrogation. Jones v. State, 461 So.2d at 669. Where the accused asks for counsel, the officers may not resume interrogation until counsel has been provided, except where the accused voluntarily reinitiates the discussion of the charges. Leatherwood v. State, 548 So.2d 389, 395 (Miss. 1989); Burnside v. State, 544 So.2d 1352, 1354-55 (Miss. 1988). If the accused requests access to counsel, all officers of the prosecution force are bound thereby even those who have no actual knowledge of the request. See, Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704, 717 (1988).
Where the defendant objects to the prosecution's use of a confession at trial as evidence against him, the prosecution bears the burden of proving beyond a reasonable doubt each fact which is prerequisite to admissibility. Burnside v. State, 537 So.2d 420, 423-24 (Miss. 1988); Lutes v. State, 517 So.2d 541, 548 (Miss. 1987); White v. State, 495 So.2d 1346, 1347 (Miss. 1986).
The request in this case did not come within the usual setting of an accused requesting an attorney, which usually occurs when a law enforcement officer is questioning him about the crime. Instead, in this case Kirkland made the request to the justice court judge who was considering binding him over to await the action of the grand jury. It is possible that Kirkland may have meant, when he asked the justice *1048 court judge for a court appointed lawyer, only that he needed a lawyer to represent him at trial. In any event, he did state he wanted the court to appoint a lawyer for him, which Fortenberry clearly heard.
Here we are talking about a knowing waiver of his Constitutional right, and right to counsel, however, and while by careful questioning by the officers, it might have been determined that Kirkland only meant he wanted a lawyer for court proceedings, and did not care for a lawyer to advise him before being questioned about the crime, the officers did not seek to make such determination.[1] They simply proceeded to question Kirkland, both of them knowing he was a cocaine addict, and to some extent, because of such addiction, judgment impaired at the time. No intelligent, knowing waiver of the right to counsel which he had just expressed to the magistrate can be found from Fortenberry testifying that he simply orally gave him the Miranda warning. Kirkland's admission to robbing Miller should have been excluded.
This cause is reversed and remanded.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ. concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] And it would have to have been made specifically clear by a positive statement by Kirkland that no, he did not desire an attorney to advise him before responding to any more questions about the crime, but only to represent him in court proceedings.