**UNITED STATES**

v.

**Sergeant Calvin W. MATHIS, FR 161–58–3118, United States Air Force.**

**ACM 28034.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 July 1989.

Decided 11 Sept. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E.

Giovagnoni, Major Brenda J. Hollis, Major Terry M. Petrie and Captain Leonard R. Rippey.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

McLAUTHLIN, Judge:

Sergeant Calvin Mathis was convicted by a military judge, sitting alone, of rape, sodomy and indecent acts upon his stepdaughter, a female under 16 years of age. The convening authority approved the adjudged sentence of a dishonorable discharge, 14 years confinement, forfeiture of all pay and allowances and reduction to airman basic. The appellant submits three errors for our consideration. None are meritorious.

## I

Mathis contends his 24 April 1989 confession should have been suppressed. He asserts, first, the statement was obtained without a valid waiver of his right to counsel. He also maintains that this confession was involuntary, due to his psychological condition and alcohol consumption. We are not persuaded by either argument.

Mathis' statement on Monday, 24 April 1989, was his second written confession to the Air Force Office of Special Investigations (OSI) about sexual misconduct with his stepdaughter. The previous Thursday, Mathis signed a typed statement admitting he "seduced" his stepdaughter twice—once two and one-half years earlier and, again, about one year earlier (when his stepdaughter would have been seven and eight, respectively). According to that statement, which he does not now contest, he "seduced" his stepdaughter by "asking [her] to take off her clothes and kiss me on my crotch." Each time, he said he then "proceeded to kiss her on her crotch as well."

The 24 April interview started at 1725 hours, after Mathis responded to the OSI's request to see him again. In the hour before this interview, Mathis consumed some beer at the NCO Club and an amount of liquor from "little liquor bottles" he had in his quarters. The interviewing OSI agent testified that he read Mathis his rights before the interview. The agent said he did not detect any odor of alcohol, and commented that Mathis "seemed less nervous than the first time we talked to him."

During the interview, in response to the question, "Do you want a lawyer?" Mathis said something to the effect that "even if I wanted one I could not get one," apparently referring to the fact that no area defense counsel was assigned to his base. The agent stopped reading from the rights card and said, "No, if you want a lawyer, we'll stop right now and I'll get you a lawyer. Whoever told you that you cannot get a lawyer was lying to you." Then the agent asked Mathis "Do you want a lawyer?" a second time. Mathis said he did not want a lawyer and wanted to talk. He eventually provided a handwritten statement, admitting he committed sodomy with his stepdaughter in April 1988, "penetrated" her "about an inch with my penis at least twice ... [b]etween April and May 88," and "inserted" his finger in her anus "at one time."

In the Article 39(a), 10 U.S.C. § 839(a) session evaluating Mathis' motion to suppress the 24 April 1989 confession, Mathis testified that he was then at "the peak" of his "alcoholic time." An Air Force psychiatrist who saw Mathis in June of 1989, testified about Mathis' alcohol dependency and diagnosed psychological disorders, including a panic disorder which could interfere with Mathis' ability to process information in the setting of an OSI interview.

At the end of the Article 39(a) session, the military judge made detailed findings of fact, concluding that Mathis clearly and affirmatively waived his right to counsel in response to the OSI agent's legitimate clarification question and statement. The judge also specifically found that none of the factors raised in the Article 39(a) session, taken individually or collectively, operated to render Mathis' statement involuntary.

■ We agree. Mathis specifically waived his right to counsel and voluntarily confessed after the OSI investigator properly clarified Mathis' response to the question "Do you want a lawyer?" [1]

## II

■ Mathis also asserts the military judge incorrectly found that he raped his stepdaughter. To support his argument, Mathis points to inconsistencies between the stepdaughter's trial testimony and her testimony in the Article 32 investigation. The stepdaughter's Article 32 testimony about penetration is self-contradictory. At one point, she seemed to say that Mathis' "front private" (penis) penetrated her "front private" (vagina), but later she told the Investigating Officer she thought it was Mathis' finger penetrating her "front private."

At trial, the stepdaughter's testimony was unequivocal, even through cross-examination, that Mathis' "front private" penetrated her "front private about an inch." The trial judge had the opportunity to observe the stepdaughter's demeanor as she testified. He was able to review her Article 32 testimony (as a Defense Exhibit). In addition, he had before him Mathis' 24 April 1989 confession in which Mathis admitted he "penetrated [his stepdaughter] about an inch with my penis, at least twice." And, while a specific date was not able to be determined, the stepdaughter placed the date of the incident sometime after the family's purchase of a television set in September 1987. Weighing all the evidence and giving proper deference to the trial judge, who heard and saw the witnesses, we find the evidence established the appellant's guilt of this offense beyond a reasonable doubt. Article 66(c), UCMJ, 10 U.S.C. § 866(c). *See United States v. Doc-*

*tor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252, 263 (1956).

## III

■ Finally, Mathis invites our attention to the 14-year confinement included in his sentence. He asks that we weigh his amenability to psychological counseling and personal commitment to a renewed spiritual life in determining whether this sentence is appropriate. Balancing these factors against the particularly egregious aspects of the crimes for which he stands convicted, we find Mathis' sentence appropriate. Article 66(c), UCMJ.

## IV

During our initial review of this case we discovered that it was not clear from the record whether the convening authority had reviewed the clemency matters submitted by the appellant before he took action in this case. We ordered the government to show cause why the action of the convening authority was not premature. The government has now provided us with an affidavit from the convening authority that makes it clear that the convening authority reviewed all the matters submitted by the appellant prior to taking his action. We are satisfied that the convening authority's action was timely and proper. *United States v. Craig*, 28 M.J. 321, (C.M.A.1989); Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(b)(3)(A)(iii).

## V

Having examined the record of trial, the assignments of error, and the government's reply thereto, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appel-

---

1. *See United States v. Fouche*, 833 F.2d 1284 (9th Cir.1987) *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1756, 100 L.Ed.2d 218 (1988), regarding an agent's ability to question a suspect after an equivocal (or ambiguous) request for counsel. Such questioning must be limited to an attempt to clarify the request and must not be coercive or designed to intimidate the suspect into waiving his right to counsel or to terminate the interview. *Citing Nash v. Estelle*, 597 F.2d 513 (5th Cir.1979) *cert. denied* 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979). *See also United States v. Brown*, 28 M.J. 232 (C.M.A.1989) (summary disposition), *cert. denied,* —— U.S. ——, 109 S.Ct. 3217, 106 L.Ed.2d 567 (1989); *United States v. Palmer*, 29 M.J. 929 (A.F.C.M.R.1989); *Robtoy v. Kincheloe*, 871 F.2d 1478 (9th Cir. 1989).

lant was committed. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.