BANKS, Justice,
for The Court:
I
Because Fifth Amendment Jurisprudence as established by the United States Supreme Court[1] and followed, perforce, by this Court[2] dictates that we find Martin’s confession inadmissible for violation of his Fifth Amendment right to counsel, we reverse.
Carl Lynn Martin was arrested on February 12,1987, in connection with the robbery of a Circle K convenience store. He was given Miranda warnings at the time of the stop. After arrest, he was taken to the Criminal Investigation Division of Harrison County Sheriff’s Department. There, Greg Broussard, a criminal investigator and long-time acquaintance of Martin, presented Martin with a Miranda Form and asked him if he wanted to give a statement in reference to the robbery. The officer also completed a personal history report. Both the officer and Martin testified that Martin indicated that he was being represented by counsel on another case and that he would probably retain the same attorney or get him appointed to represent him in this case. Martin refused to give a statement at that time. He testified that he told the officer that he did not wish to give a statement without benefit of counsel. On cross-examination, Officer Broussard admitted that he knew that Martin wanted to be represented *860 by counsel in this matter. Additionally, Gregory Tootle, then an officer with the sheriffs department, had the “impression that J. Miller was [Martin’s] attorney because of some previous dealings or [Martin] was going to try to get J. Miller or something to that effect.”
Martin made his initial appearance on February 13, 1987. During this hearing he was advised of his rights and the charges against him. According to his testimony at the suppression hearing, he again requested counsel at the initial appearance. That he made this request lies unrefuted in the record.
Despite Martin’s request for counsel, Broussard on his own volition, initiated further interrogation of Martin on February 16, 1987. Specifically, he stated that he made the decision to contact Martin—he did not receive any calls or requests from Martin. He testified that his purpose for going over was to see if “[Martin] wanted to cooperate in the investigation by ultimately giving a statement.” During this meeting, he Mirandized the defendant, solicited and obtained an incriminating statement with regard to the offense presently before the court. He maintained that Martin never at any point during the interview requested an attorney.
II
The analysis and teachings reiterated most recently in State v. Balfour, 580 So.2d 1203 (Miss.1991), are dispositive of the issue presently before us. There, we repeated the procedure which must be followed by law enforcement officers, or their agents, when an accused invokes her right to counsel. We held that once the defendant requests an attorney, all questions prompted by the state must cease. Balfour, 580 So.2d at 1208. Balfour, like Martin, requested counsel on at least two occasions—at the time of arrest and at her initial appearance. We explained that once Balfour requested an attorney, it was incumbent upon the officers to provide counsel before any further custodial interrogation could take place.
The same analysis is applicable here. The state should have made counsel available to Martin. Its failure to do so is fatal to its position and precludes this Court from upholding the decision of the trial court admitting Martin’s confession. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
The United State’s Supreme Court has recently reaffirmed the rule of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In McNeil v. Wisconsin, 501 U.S. -, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), the Court wrote,
“[O]nce a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation ‘until counsel has been made available to him,’ (citation omitted)—which means, we have most recently held, that counsel must be present, Minnick v. Mississippi, 498 U.S. -, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990)”.
Thus, once Martin invoked his right to counsel, all questioning done at the initiative of the State had to cease.
The Edwards axiom also prevents the, state from relying on the apparent waiver of rights on February 16 before Martin acquiesced and confessed to the robberies. In Balfour we recognized that “a valid waiver of [the right to counsel during custodial interrogation] cannot be established by showing [the accused] responded to further police-initiated interrogation, even if he has been advised of this rights.” Balfour, 580 So.2d at 1209 quoting Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880. Thus, however knowing, the waiver given by Martin without the assistance of counsel cannot be valid.
Furthermore, the state cannot seek refuge in the fact that the case which proceeded to trial and resulted in conviction was not the one relating to the arrest on February 12, 1987. Martin was arrested on February 12, and charged with the robbery of a Circle K. On February 16, he confessed to robbing not only the Circle K, but three other places, including a drugstore. He was tried and convicted for rob *861 bery of the drugstore, which is the matter before us.
The Edwards Rule is not offense specific: “once a suspect invokes the Miranda right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present.” McNeil v. Wisconsin, 501 U.S. -, -, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158, 168 (1991) citing Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) (emphasis in original).[3] Once asserted, the invocation of the right is good as to all matters, counts, and charges against a defendant remaining in custody.
The circuit court erred in admitting into evidence Martin’s confession obtained in violation of the Fifth Amendment as interpreted in Edwards and progeny. As the dissent aptly notes, the circuit court did not make any findings of fact with respect to Martin’s request for counsel. Thus, the issue is not affected by our substantial evidence/clearly erroneous standard of review. Balfour, 580 So.2d at 1209. Moreover, the essential facts of Martin’s fifth amendment claim are unrefuted in the record.
For the foregoing reasons, we reverse the judgment below and remand this matter to the circuit court.
REVERSED AND REMANDED.
PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
ROY NOBLE LEE, C.J., dissents with separate written opinion, joined by HAWKINS and DAN M. LEE, P.J., and McRAE, J.

. McNeil v. Wisconsin, 501 U.S. -, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); Minnick v. Mississippi, 498 U.S. -, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

. Balfour v. State, 580 So.2d 1203 (1991); Kirkland v. State, 559 So.2d 1046 (Miss.1990).

. McNeil, 501 U.S. -, 111 S.Ct. 2204, 115 L.Ed.2d 158, distinguished Fifth Amendment right to counsel with Sixth Amendment right to counsel and rejected McNeil’s claim of a violation when he failed to invoke the Fifth Amendment right to counsel while enjoying the benefit of his Sixth Amendment right to counsel in relation to another offense. Here, the evidence is unchallenged that Martin invoked his Fifth Amendment right to counsel as well as his Sixth Amendment right. Because his Fifth Amendment right to counsel was violated we need not reach the issue whether his Sixth Amendment right to counsel was also breached when the state initiated further interrogation about the offense with which he had been formally charged where the result was a confession to an offense with which he had not yet been formally charged.