**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randy Scott WOLLING, Defendant–
Appellant.**

**No. 06–50137.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 28, 2007.

Christopher M. Alexander, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Randy Wolling appeals his judgment of conviction, following a jury trial, and his 51–month sentence for two counts of alien smuggling for financial gain, in violation of 8 U.S.C. §§ 2 and 1324(a)(2)(B)(ii), and two counts of bringing an alien into the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The parties are familiar with the background facts and prior proceedings.

### A. District Court's Evidentiary Rulings

We review evidentiary rulings for an abuse of discretion, *United States v. Beckman*, 298 F.3d 788, 792 (9th Cir.2002), but only prejudicial error will justify reversal, *United States v. Ives*, 609 F.2d 930, 934 (9th Cir.1979).

#### 1. Medical Records

Wolling presented a defense of diminished capacity, utilizing expert witness testimony from Dr. Bruce Yanofsky. Wolling contends that the district court erred in excluding certain medical records from the

evidence. The medical records at issue are the records of Dr. Gordon Zilberman, the psychologist who evaluated Wolling's competency to stand trial in the present case when Wolling was incarcerated at San Diego's Metropolitan Correctional Center ("MCC"), and 2003 records from Patton State Hospital ("Patton"), detailing Wolling's competency evaluation related to prior state burglary and theft charges.

Although the parties stipulated as to the authenticity of the medical records, the district court excluded them pursuant to Federal Rule of Evidence 403.[1] The court reasoned that if the jury examined the medical records, the jury might erroneously conclude that Wolling was previously arrested and charged with theft, but not convicted based upon an evaluation of incompetency to stand trial. Wolling was in fact restored to competency and convicted of the prior theft charges.

Dr. Yanofsky testified that in formulating his opinions about Wolling's diminished capacity he relied upon the Patton records. Dr. Yanofsky explained to the jury the medical diagnoses contained in those records. Dr. Yanofsky also testified that in formulating his opinion he relied upon the medical report of Dr. Zilberman, and he explained Dr. Zilberman's medical diagnosis to the jury.

We review exclusion of evidence under Rule 403 for an abuse of discretion. *United States v. Etsitty*, 130 F.3d 420, 423 (9th Cir.1997). The district court did not abuse its discretion in excluding the medical records. The competency evaluations potentially could confuse or mislead the jury as to Wolling's competency to stand

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

trial, which is not at issue. Additionally, and importantly, Wolling's medical history and his doctors' diagnoses in the medical reports were fully and adequately explained to the jury through the testimony of Dr. Yanofsky. Viewed as a whole, the evidence was more than sufficient for a jury to fully consider Wolling's diminished capacity defense.

■ During jury deliberations, the jury sent a note asking whether it could review "the psychological reports from Patton and MCC." The district court responded to the jury: "The reports were referenced by Dr. Yanofsky only to show the type of information he relied upon to form his opinions. The reports themselves were not received into evidence, and, therefore, are not available to the jury." The court's response to the jury was not in error. *See* Fed. R.Evid. 703; *United States v. Sims*, 514 F.2d 147, 149 (9th Cir.1975) (explaining that Rule 703 permits the admission of otherwise inadmissible evidence upon which an expert relies for the purpose of explaining the expert's opinion, but the evidence is not admissible as substantive evidence).

### 2. *Introduction of Post–Arrest Statements*

■ Wolling challenges the district court's denial of his motion to suppress, arguing that his statement "I could talk some" constituted an ambiguous invocation of his right to silence, requiring further clarification. Wolling argues that the investigating agent did not further clarify his statement, therefore Wolling's subsequent written waiver of his *Miranda* rights was invalid.

■ "We review the district court's determination that the defendant knowingly

and voluntarily waived his *Miranda* rights under the clearly erroneous standard." *United States v. Fouche*, 833 F.2d 1284, 1286 (9th Cir.1987). The district court's conclusion that Wolling voluntarily and intelligently waived his *Miranda* rights is not clearly erroneous. The record does not support the contention that the officers failed to clarify an equivocal request to remain silent. Nor does the record suggest that Wolling was interrogated in violation of his right to remain silent.

### 3. *Evidence of Pregnancy*

■ Wolling argues that the district court abused its discretion in admitting testimony about the smuggled alien's pregnancy because the testimony's prejudicial value outweighed its relevance.

The testimony regarding the alien's pregnancy was not unduly prejudicial. Its relevance to Wolling's specific intent outweighs the potential prejudice. *See United States v. Schemenauer*, 394 F.3d 746, 752 (9th Cir.2005) (explaining that evidence of conditions requiring "expeditious retrieval" was relevant to knowledge element of § 1324(a)(2)(B)(iii)).

### 4. *Limitations on Defense Expert's Testimony*

■ Wolling argues that the district court erred in precluding Dr. Yanofsky from testifying to his opinion that Wolling "was guided by his delusional thinking on the day of his arrest." The district court correctly articulated the applicable admissibility standard under Federal Rule of Evidence 704(b) of an expert witness testifying with respect to the mental state or condition of a defendant in a criminal case.[2]

The district court correctly limited Dr. Yanofsky from testifying that Wolling

---

**2.** Rule 704(b), Federal Rules of Evidence, states:

No expert witness testifying with respect to the mental state or condition of a defen-

"was guided by" his delusions on the day of his arrest.[3] Such testimony would constitute an opinion as to Wolling's intent, which is a question for the trier of fact under Rule 704(b). Moreover, Dr. Yanofsky testified, without objection, that Wolling was "suffering from that delusional disorder on the day of his arrest." Any issues of Wolling's diminished capacity were fairly presented to the jury.

## B. Sentencing

■ Wolling argues that the district court erroneously denied a downward departure for diminished mental capacity, § 5K2.13 of the Sentencing Guidelines. Wolling argues that because the court stated, "I agree with the jurors' decision [rejecting a diminished capacity defense]," the court erroneously applied a "beyond a reasonable doubt" standard of proof for the departure, rather than a preponderance standard. This argument is unsupported by the record. The district court stated that the "evidence was insufficient" to warrant a downward departure. The record fails to support the contention that the district court applied an erroneously high standard of proof in denying the downward departure.

■ Wolling argues that the district court erred in its "mere mention" of 18 U.S.C. § 3553(a), without explicitly addressing the factors listed in that section. We have previously rejected this argument. *See United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir.2006) (explaining that the district court is not re-

quired to discuss all of the section 3553 factors). Wolling also argues that the district court gave the guidelines "exaggerated weight" when it stated it was utilizing "the presumptive midrange." The sentencing record of the district court in this case provides "sufficiently specific language to allow appellate review." *United States v. Menyweather,* 447 F.3d 625, 635 (9th Cir.2006) (internal citation omitted). The record reveals that the district court was well-informed as to its discretion and the relevant law, and imposed a sentence which, it its estimation, was reasonable and appropriate. No sentencing error occurred.

**AFFIRMED.**

---

dant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto. Such ultimate issues are matters for the trier of fact alone.

**3.** The court limited Dr. Yanofsky's testimony as follows:

So what is relevant is the doctors' competing opinions on what is this condition, what does it mean to a lay person, what are the symptoms of it, what affect does it have on a person; as opposed to an opinion of, based on this condition, I don't believe he could have formed the intent to do what he did, or he was guided by his delusions.