KITCHENS, Justice,
dissenting:
¶ 46. Because Harden’s confession should have been suppressed pursuant to Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), I respectfully dissent. Notwithstanding the apparent concession made by Harden’s appellate counsel that his request for counsel was equivocal, Harden’s statement was an unequivocal invocation of his right to have counsel present at his interrogation. Yet, even if we give Detective Zacharias the benefit of the doubt and assume that he understood that Harden might be invoking his right to counsel, the detective was required to cease questioning and, at most, request a clarification from Harden. Chamberlin v. State, 989 So.2d 320, 333 (Miss.2008) (citing Holland v. State, 587 So.2d 848, 856 (Miss.1991)). Thus, the detective’s continued questioning violated Harden’s privilege against self-incrimination, rendering the confession inadmissible. *611 U.S. Const, amends. V, XIV; Miss. Const, art. 3, § 26; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Edwards, 451 U.S. 477, 101 S.Ct. 1880.
¶ 47. As soon as Detective Zacharias informed Harden of his rights, and while he was attempting to obtain a written acknowledgment that Harden had been apprised of his rights, the following exchange occurred:
Harden: You said I could have a lawyer appointed to me. I can’t afford no lawyer.
Detective: Well, you know, that’s all stuff that could be worked out — my question is to you, do you want to get this off your back; I can tell you’ve got a lot of pressure on you right now.
Harden’s statement was a clear and unequivocal invocation of his right to counsel and to his right to have counsel appointed for him. Detective Zacharias’s. response makes it clear that he understood Harden’s wish and did not honor it. This is plainly a violation of the rule announced in Edwards, 451 U.S. at 484-85, 101 S.Ct. 1880, that once the accused has requested counsel, the interrogation must cease “until counsel has been made available to him [or] unless the accused himself initiates further communication, exchanges, or conversations with the police.” '
¶ 48. However, even if one were to agree that Harden’s statement was less than definite, a request for counsel that is ambiguous requires • the interrogator to cease the interview except for the purpose of clarifying that ambiguity. Chamberlin, 989 So.2d at 333 (citing Holland, 587 So.2d at 856).[6] “[A]n ambiguous utterance means that any subsequent interrogation ‘must be limited to attempts to clarify and must not coerce or intimidate the suspect into waiving his rights.’” Holland, 587 So.2d at 857-58 (quoting U.S. v. Fouche, 833 F.2d 1284, 1287 (9th Cir.1987)) (other citations omitted). Yet, instead of seeking clarification, the detective told Harden that it “could be worked out,” and continued to press Harden for a confession. Thus, Harden’s confession was likewise inadmissible based on the officer’s continued questioning without first seeking an explanation of ‘You said I could have a lawyer appointed to me. I can’t afford no lawyer.” Id. See also Kirkland v. State, 559 So.2d 1046,1047-48 (Miss.1990).
¶ 49. The law of criminal procedure has as its object the protection of the fundamental rights of individuals against their infringement- by the State. Nearly half a century ago, it was established that “when an individual is taken into custody or otherwise deprived of his .freedom by the authorities in any significant way and- is subjected to questioning, the privilege against self-incrimination is jeopardized.” Miranda, 384 U.S. at 478, 86 S.Ct. 1602. We should review cases that implicate a violation of the right against self-incrimination, as in this case, carefully, zealously, and without regard for the heinousness of the offense for which the defendant is accused. Because Harden’s request for counsel was ignored, admission of his confession violated his right against self-incrimination. U.S. Const, amends. V, XIV; Miss. Const, art. 3, § 26. Accordingly, I would reverse Harden’s conviction and remand for a new trial.

. We noted in Chamberlin that the United States Supreme Court, unlike this Court, has declined to require such a procedure but considers it "good police practice.” Chamberlin, 989 So.2d at 333 (quoting Davis v. U.S., 512 U.S. 452, 461, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)).