**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert CHRISTMAN,**
**Defendant–Appellant.**

No. 89–30090.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 1990.[*]

Decided Jan. 24, 1990.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael McGrady, Eugene, Or., for defendant-appellant.

Thomas M. Coffin, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before WRIGHT, TANG and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider whether the district court erred in sentencing the defendant under the Sentencing Guidelines when it found (1) he was a "minor" rather than a "minimal" participant in the offense, and (2) he willfully impeded or obstructed the administration of justice. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

A federal grand jury returned a seven-count indictment against three defendants, including Robert Christman, alleging drug

offenses. Christman was charged with using the telephone to negotiate the price and quantity of drugs on behalf of one of the other defendants, and derived no profit from the drug transactions. He pleaded guilty to one count of using a telephone to facilitate a cocaine conspiracy, in violation of 21 U.S.C. §§ 843(b), 846, and 841(a)(1).

The probation office prepared a presentence report, recommending that (1) Christman's sentence be reduced two points under Sentencing Guideline § 3B1.2(b) for his "minor" role in the offense, (2) his sentence be enhanced two points for obstruction of justice under § 3C1.1, and (3) there be no reduction for acceptance of responsibility under § 3E1.1. He objected to these recommendations but, after hearing testimony at the sentencing hearing, the court adopted the findings and recommendations of the report.

Applying the Sentencing Guidelines, the court imposed a 12–month prison sentence and a $10,000 fine. Christman appeals the imprisonment portion of the sentence.

### DISCUSSION

On appeal, he argues that (1) the court erred in treating him as a "minor" rather than as a "minimal" participant in the offense under Guideline § 3B1.2, and (2) it erred in enhancing his sentence for willfully impeding or obstructing the administration of justice under § 3C1.1.

### I.  *Application of Guideline § 3B1.2*

Guideline § 3B1.2 provides for a two-level reduction in the base offense level if the defendant was a minor participant in the offense, and a four-level reduction if he was a minimal participant. The court accepted the presentence report's conclusion that Christman was a minor participant, and reduced his offense level two points. He argues that the court erred because he was really a minimal participant.

■ The downward adjustment under § 3B1.2 is to be used infrequently. *United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989) (per curiam). "A district court's finding that a defendant does not qualify for minimal or minor participant status is, as the commentary points out, 'heavily dependent on the facts of the particular case,' and should be upheld unless clearly erroneous." *Id.* (citations omitted).

■ The court's finding that Christman was a minor rather than minimal participant was not clearly erroneous. Christman argues that he was a minimal participant in the conspiracy. He was sentenced, however, based on the charge of using a telephone in the commission of a drug-related offense, not for conspiracy to distribute cocaine. Because there was evidence that he used the telephone to negotiate the price and quantity of drugs, the court reasonably concluded that his participation in this crime was not minimal. There was no error.

### II.  *Application of Guideline § 3C1.1*

Christman argues that the court erred in enhancing his sentence for obstructing justice. Guideline § 3C1.1 provides:

If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

■ This enhancement is appropriate "for a defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding ... in respect to the instant offense." Commentary to Guideline § 3C1.1. Furnishing material falsehoods to a probation officer in the course of a presentence investigation is conduct which may provide a basis for enhancement. Guideline § 3C1.1, Application Note 1(e). "In applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant." *Id.* at Application Note 2.

The court's finding that Christman obstructed justice is a factual conclusion which we review for clear error. 18 U.S.C.A. § 3742(e) (West Supp.1989); *see United States v. Williams*, 879 F.2d 454, 457 (8th Cir.1989); *United States v. Franco-Torres*, 869 F.2d 797, 800 (5th Cir.1989).

The court's conclusion that Christman obstructed justice was not clearly erroneous. As noted in the presentence report, he twice told the probation office that a 1983 drug charge had been dismissed. Later, he said that he had been convicted of a misdemeanor. Later investigation revealed that he had been convicted of a felony drug charge. The transcript of the plea hearing in California state court on that charge indicates that Christman was informed and understood that he was pleading guilty to a felony. In addition, Judge Redden heard testimony at the sentencing hearing from Christman and his attorney in the California case, allowing him to make the appropriate credibility determinations.

Christman argues that the court erred in its finding that he obstructed justice when it stated that he "was aware or should have been aware that his previous conviction was a felony." He argues that such a finding is inconsistent with the requirement that the obstruction be "willful." This argument has no merit.

A review of the record indicates that Christman's obstruction of justice was intentional and that the court found his conduct to be willful. Based on the testimony at the sentencing hearing and the transcripts from the 1983 plea hearing, the evidence was overwhelming that he knew about the previous drug conviction and intentionally lied to the probation officers. The sentence enhancement under § 3C1.1 was not clearly erroneous.

AFFIRMED.