928 F.2d 1138
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan LOPEZ-MEDINA, Defendant-Appellant
 No. 90-50379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1991.
Decided March 20, 1991.
 Appeal from the United States District Court for the Southern District of California, No. CR-89-1193-01-E; William B. Enright, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before FERGUSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Lopez-Medina, a drug courier, sought to have his sentence adjusted downward on the grounds that he played a minor or minimal role in the offense, despite the fact that he was the only participant charged. We affirm the district court's denial of the role adjustment.
 
 FACTS
 
 3
 Juan Lopez-Medina (hereafter "Lopez"), a naturalized U.S. citizen, drove a truck loaded with marijuana across the border from Tijuana, Mexico in return for $1,500 and the right to keep the truck.[1] He was apprehended at a border checkpoint, fled briefly up the highway, and was arrested after a search of the truck's engine compartment turned up sixty-five packages of marijuana hidden inside its fenders.
 
 
 4
 Lopez admitted that he knew the truck contained some marijuana but claimed not to know how much. He stated that he had agreed to smuggle it in for a Mexican friend because he had been laid off from his job and needed the money very badly. He pled guilty to possession of 55.78 kilograms (about 122 pounds) of marijuana with intent to distribute, a violation of 21 U.S.C. Sec. 841(a)(1). Since this was Lopez' first offense, he falls in Criminal History Category I under the U.S. Sentencing Guidelines (hereafter U.S.S.G.). The large quantity of marijuana involved resulted in a base offense level of 20 points, as mandated by U.S.S.G. Sec. 2D1.1(a)(3), and two points were deducted for acceptance of responsibility, giving him a ultimate offense level of 18 and a Guidelines range of 27-33 months. The presentence report recommended a sentence of 33 months, citing the significant quantity of marijuana involved, the fact that it was near the top of the offense level 20 range (40 to 60 kilos), and his high-speed attempt to flee at the border. The district court accepted this recommendation.
 
 
 5
 In written objections, the defendant requested a four-point minimal participant role reduction under U.S.S.G. Sec. 3B1.2(a) based on his status as a mere courier and the fact that this was his first offense. In response, the probation officer filed an addendum to the presentence report, quoting Application Note 1 of that section.[2] He continued:
 
 
 6
 The defendant has never made mention of a group or concerted activity concerning the instant offense. He states that he was involved in a financial arrangement between himself and one other individual. The defendant states that he was to be paid a sum of money and a pickup truck for transporting drugs across the border for one other individual. Under these circumstances, no reduction is warranted for a mitigating role pursuant to 3B1.2(a) or (b).
 
 
 7
 After hearing argument from both sides, the district judge adopted the presentence report in toto, and declined to depart downward, stating that "for reasons set out in the probation report, I think that the upper end of that range is reasonable and appropriate in this case." Although the judge seemed somewhat uncomfortable with the result, he reiterated that the sentence was "not unreasonable." There was no further discussion of the minimal participation issue.
 
 DISCUSSION
 I.
 
 8
 Whether a defendant is entitled to a mitigating role adjustment is a question of fact to be determined by the trial court and will not be overturned unless it is clearly erroneous. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). However, the district court's interpretation of the Guidelines is reviewed de novo. United States v. Avila, 905 F.2d 295, 297 (9th Cir.1990).[3]
 
 
 9
 Lopez contends that the district court's denial of an adjustment for his low-level "supermule" role was not based on any factual determination but on an erroneous view of the law. He argues that the district court merely accepted the presentence report's conclusion that Sec. 3B1.2 was inapplicable because there could be no "group" or "concerted" activity unless more than two participants were involved. Lopez further contends that the district court made no findings on the extent of relevant conduct or the defendant's culpability in comparison to other alleged participants.
 
 
 10
 First, this court has stated that "a simple statement that the defendant was not a 'minor participant' will suffice as a factual finding," and has held that a "district court's failure to engage in a detailed comparison of [two defendants'] roles in the criminal activity [is] not error as a matter of law." United States v. Rexford, 903 F.2d 1280, 1282 (9th Cir.1990). Secondly, while the presentence report's analysis is extremely brief, we read it as a factual conclusion that "under these circumstances" Lopez' role was not minor or minimal and that he was thoroughly culpable for his offense, rather than as imposing a requirement of more than two participants as a prerequisite for "group" activity.
 
 
 11
 Lopez' role reduction argument is premised upon Application Note 2 to U.S.S.G. Sec. 3B1.2, which contemplates role adjustments for certain drug couriers.[4] However, we have repeatedly emphasized that culpability is the key, not courier status alone, and that culpability determinations are intensely fact-specific. Compare United States v. Rigby, 896 F.2d 392, 395 (9th Cir.1990); United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (admitted couriers denied role reductions) with United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990) (participation held minor but not minimal). In this case, Lopez knew what he was doing, agreed to get involved in the transaction, and committed a serious crime by transporting a large quantity of drugs across the border for financial gain. The district court was aware of all these facts and chose to deny any role reduction. We hold that its decision was not clearly erroneous and must therefore be affirmed.
 
 CONCLUSION
 
 12
 Because the district court exercised its discretion in denying Lopez' role reduction request, the sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All facts are taken from the presentence report, which the sentencing judge accepted in its entirety
 
 
 [2]
 The text of the Note reads:
 Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise, and of the activities of others is indicative of a role as minimal participant.
 U.S.S.G. Sec. 3B1.2, comment. (n. 1).
 
 
 [3]
 A district court's discretionary refusal to depart downward is not subject to appellate review, and Lopez has not attempted to appeal that issue here. Williams, 898 F.2d at 1403
 
 
 [4]
 The text of the Note states:
 It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
 U.S.S.G. Sec. 3B1.2, comment. (n. 2).