940 F.2d 1537
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Esteban QUINTANA-RASCON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emma GONZALES, Defendant-Appellant.
 Nos. 89-10346, 89-10347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1990.
Decided July 31, 1991.
 Before HUG, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Defendants-appellants Jose Esteban Quintana-Rascon and his common-law wife, Emma Gonzales, appeal their convictions for conspiracy and creating and supplying fraudulent documents for use in application for adjustment of residence status, in violation of 18 U.S.C. Secs. 371 & 2; 8 U.S.C. Sec. 1160(b)(7)(A)(ii) (1988).
 
 I. Sufficiency of the Evidence
 
 3
 Gonzales and Quintana-Rascon contend the evidence was insufficient to establish their knowing participation in the creation and supplying of the fraudulent documents. Viewing the evidence in the light most favorable to the Government, see, e.g., Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidence from their confession indicated a Juan and a Margarito Aispuro paid them $150 each for the fraudulent documents. Gonzales and Quintana-Rascon pocketed $50 for the transactions and paid codefendant John L. Johnson $100. We conclude the evidence was sufficient to support their convictions.
 
 II. Rebuttal Testimony
 
 4
 Quintana-Rascon argues the district court abused its discretion in admitting the rebuttal testimony of David Arthur Torres, a notary public. See, e.g., United States v. Batts, 573 F.2d 599, 603 (9th Cir.), cert. denied, 439 U.S. 859 (1978).
 
 
 5
 After reviewing the record, we cannot say the district court abused its discretion in admitting this rebuttal testimony. As we have previously noted, generally the trial court is in the best position to evaluate the effect of the admission of the rebuttal evidence. See id.
 
 III. Motion for Severance
 
 6
 Gonzales and Quintana-Rascon contend the district court abused its discretion in denying their motion for severance, pursuant to Fed.R.Crim.P. 14. In order to reverse a conviction on the basis that a motion for severance was denied, the appellant must carry the difficult burden of demonstrating clear, manifest or undue prejudice resulting from a joint trial. United States v. Jenkins, 785 F.2d 1387, 1394 (9th Cir.), cert. denied, 479 U.S. 855 (1986). Gonzales and Quintana-Rascon have not made such a showing.
 
 
 7
 Here, the Superseding Indictment charged common offenses based on similar conduct and involving six separately stated conspiracies. Each defendant was named with at least one other defendant in a common count: Johnson, Quintana-Rascon and Gonzales on count six; Johnson and Benitez-Urquidez on counts one and nine; and Johnson and Dunham on counts three and eight. The court further repeated limiting instructions concerning the admissibility of evidence against certain defendants. At the end of the trial, the court instructed the jury to consider separately the evidence against each defendant and added "your verdict as to any defendant should not control your decision as to any other defendant." Gonzales and Quintana-Rascon have not shown that, under the circumstances of this case, the jury was unable to segregate the evidence presented against each of the defendants or was unable to follow the court's limiting instructions. See United States v. Ramirez, 710 F.2d 535, 546 (9th Cir.1983).
 
 
 8
 IV. Gonzales' Motion to Sever Quintana-Rascon
 
 
 9
 Related to the rebuttal issue, Gonzales also challenges the denial of her motion to sever her case from the case against her common-law husband Quintana-Rascon based on Torres' testimony. Gonzales argues severance was required because she was prejudiced by the inference her husband had fraudulent documents notarized.
 
 
 10
 We find no abuse of discretion in the denial of this motion near the end of the trial. Gonzales has not shown the jury was unable to compartmentalize the evidence against her and her husband in light of the court's limiting instructions at the close of the trial. Jenkins, 785 F.2d at 1394.
 
 
 11
 V. Motion for Mistrial: Alleged Juror Misconduct
 
 
 12
 Gonzales argues the trial court abused its discretion in denying the motions for mistrial on grounds of alleged juror misconduct. Two jurors were observed discussing the evidence before the case was submitted to the jury. Review of alleged juror misconduct is conducted independently in the context of the entire record, but the trial judge's conclusion about the effect of alleged juror misconduct is afforded substantial weight. United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982).
 
 
 13
 An independent review of the record supports the denial of the mistrial motion. The trial court had repeatedly admonished the members of the jury not to discuss the case until they had been instructed to commence deliberations. There has been no showing that the challenged juror conversation in any manner tainted or affected the verdict. The trial judge instructed both jurors not to discuss the evidentiary hearing with anyone. The isolated comment was also remote in time during the four-month trial. The disputed conversation occurred on March 31, 1989. Jury deliberations began on April 12, 1989.
 
 VI. Motion to Suppress: Gonzales
 A. Invocation of Right to Counsel
 
 14
 Gonzales challenges the denial of her motion to suppress on grounds that she had invoked her right to counsel after receiving her Miranda warnings.
 
 
 15
 Gonzales does not contend her invocation of the right to counsel was clear. The district court expressly found the statement "I cannot afford one" was barely audible on the tape, and that INS Agent Johnson did not hear it. Agent Johnson testified he would have made further inquiry concerning the request for counsel had he been aware of the statement. The court also noted Gonzales responded affirmatively to the question "Do you want to continue to talk to me without a lawyer being present?" These findings were not clearly erroneous. Even assuming arguendo that Gonzales' response constituted an equivocal request for counsel, we would construe the agent's inquiry whether Gonzales would continue to talk without counsel as an effort to clarify the request for counsel. See, e.g., United States v. Fouche, 833 F.2d 1284, 1287 & n. 3 (9th Cir.1987) (statements to clarify an ambiguous request do not constitute interrogation; interrogation may resume where accused voluntarily declines to invoke right to counsel), cert. denied, 486 U.S. 1017 (1988).
 
 B. Voluntariness of Confession
 
 16
 Gonzales also contests the district court's trial ruling that her confession was voluntary and not the product of coercion and was properly admissible in evidence.
 
 
 17
 The court held a voluntariness hearing before concluding the confession was voluntarily made. The court noted that it was understandable that Gonzales was apprehensive, under the circumstances, concerning her welfare and that of her husband and children. However, the court expressly found there was no coercion in the initial telephone call to Gonzales by Lawrence Harlan of the U.S. Border Patrol inviting her to come to the office to talk. During the course of the two interviews on May 17 and 18, 1988, Gonzales was given six Miranda warnings, three times each in English and Spanish. Gonzales' responses indicates she was willing to talk. The ruling of the court was not in error.
 
 C. Instruction Concerning Confession
 
 18
 Gonzales contends the district court gave an erroneous voluntariness instruction to the jury concerning its consideration of the confession.
 
 
 19
 Congress has mandated that "the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." 18 U.S.C. Sec. 3501(a) (1988). The instruction given was
 
 
 20
 You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it. In making those decisions, you should consider such factors as the age, sex, training, education, occupation and physical and mental condition of the defendant, his or her treatment while under interrogation, and all other facts and circumstances in evidence surrounding the making of the statement.
 
 
 21
 This instruction was based on the Ninth Circuit Model Criminal Jury Instruction 4.01. The district judge having determined outside the presence of the jury that the confession was properly admitted in evidence, the jury was then instructed as to how to evaluate the evidence of the confession. This corresponds with the requirements of section 3501(a). See United States v. Nash, 910 F.2d 749, 756-57 (11th Cir.1990). The instructions are reviewed as a whole to determine whether they were misleading or represented a statement inadequate to guide the jury's deliberations. See, e.g. United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 110 S.Ct. 1143 (1990). The instruction given was adequate.
 
 
 22
 Gonzales adds that the district court further erred in denying a motion for mistrial after INS Agent Johnson testified that the court had ruled her Miranda rights were satisfied. We find no error. After an objection was raised to the agent's testimony, the court had the testimony stricken and gave a cautionary instruction that the court's ruling was only a preliminary ruling.
 
 VII. Sentence: Gonzales
 
 23
 Gonzales argues she should not have been incarcerated for her offenses. Specifically, Gonzales challenges: (1) the three-level enhancement she received for committing an offense for profit, pursuant to U.S.S.G. Sec. 2L2.1(b)(1), at 2.115 (Nov. 1990), and (2) the two-level enhancement for the obstruction of the administration of justice, pursuant to U.S.S.G. Sec. 3C1.1, at 3.9 (Nov. 1990).[1]
 
 A. Section 2L2.1(b)(1)
 
 24
 Section 2L2.1(b)(1) provides: "If the defendant committed the offense other than for profit, decrease by 3 levels." The Application Note adds: " 'For profit' means for financial gain or commercial advantage." Because the Presentence Report and evidence at trial indicated Gonzales received "financial gain" for her role in securing fraudulent INS documents, the enhancement was adequately supported.
 
 B. Section 3C1.1
 
 25
 Section 3C1.1 provides for a two-level enhancement where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Review is for clear error. United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990).
 
 
 26
 We conclude Gonzales has not established the application of section 3C1.1 constituted clear error. Section 3C1.1, ____, (n. 1(e)), in effect at the time of Gonzales' sentencing, provided for the enhancement for the "furnishing [of] material falsehoods to a probation officer in the course of a presentence or other investigation for the court." The Presentence Report, p 22, noted Gonzales "furnished material falsehoods during the presentence investigation by minimizing her role to 'just helping a friend' and 'running around' for John L. Johnson." We have upheld enhancements imposed for similar presentence misrepresentations. See United States v. Lofton, 905 F.2d 1315, 1317 (9th Cir.), cert. denied, 111 S.Ct. 365 (1990); United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990); Christman, 894 F.2d at 342.
 
 
 27
 At the time of sentencing, section 3C1.1, comment, (n. 1(c)) noted the adjustment could be applied for "testifying untruthfully ... at trial." The Presentence Report, also noted at p 22, that Gonzales "testified untruthfully on the witness stand during the trial, denying documented information and factual evidence presented." We have also upheld the trial court finding of materially false testimony at trial. See United States v. Barbosa, 906 F.2d 1366, 1369-70 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990). The enhancement was not error.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzales objects to a three-level enhancement for a managerial or supervisory role, pursuant to U.S.S.G. Sec. 3B1.1(b), at 3.5 (Nov. 1990). However, the district court rejected this recommendation of the Presentence Report, p 20, in its Statement of Reasons for Imposing Sentence, p 2