959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel HERNANDEZ-HERNANDEZ, Defendant-Appellant.
 No. 91-50454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided March 31, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Hernandez-Hernandez appeals the sentence imposed after he pleaded guilty to one count of transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(B) (1988). He argues the district court erred by denying him a two-level minor role reduction, and by departing upward without a reasoned explanation. We vacate the sentence and remand for resentencing.
 
 
 3
 * Hernandez argues he is entitled to a two level reduction pursuant to U.S.S.G. § 3B1.2(b) for his "minor role" in the offense because he was merely driving the Ryder truck in lieu of paying his own smuggling fees. Whether Hernandez was a minor participant is primarily a question of fact which we review for clear error. United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991).
 
 
 4
 A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal."[1] U.S.S.G. § 3B1.2, Application Note 3. "The downward adjustment under § 3B1.2 is to be used infrequently." United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990).
 
 
 5
 The district court determined Hernandez had failed to prove by a preponderance of the evidence, see United States v. Howard, 894 F.2d 1085, 1090 & n. 4 (9th Cir.1990), that he was a minor participant. It concluded "the man who is the driver in a high-speed chase carrying a load of aliens becomes ... one of the organizers, unless it can be established otherwise."
 
 
 6
 Hernandez asserts he is more similarly situated to the undocumented aliens he was transporting than to the organizers of the smuggling venture and he was merely a "driver in lieu of payment." Hernandez supported his contentions with: (1) his own admission he had been smuggled into the United States and offered waiver of the fee to drive the vehicle; (2) the affidavit of Marco Antonio Alverdi, an alien smuggled in the Ryder truck, stating he could not identify Hernandez as the driver of the truck;[2] and (3) the truck rental agreement listing "Jesus Javier Gonzalez" as the renter. The district court noted "whether [Hernandez]'s role ... in comparison to the rest of the organization, is minor ... is purely conjecture. We don't really know, other than his self-serving statements, what his role was."
 
 
 7
 The district court's conclusion is not clearly erroneous. The prosecution presented the statement of Juan Garcia-Ruiz, a detained material witness, which stated after Garcia-Ruiz had crossed the border, the driver of the Ryder truck asked him if he needed a ride in exchange for $150 upon arrival in Los Angeles. The factual record also demonstrates Hernandez had more interest in the venture than merely being smuggled to Los Angeles. In addition to waiver of the smuggling fee, Hernandez admits he was to have been paid an unspecified amount of money upon reaching the destination. These facts adequately support the district court's conclusion that Hernandez had not proven, by a preponderance of the evidence, he was a minor participant.
 
 B
 
 8
 The presentence report, which included a representation of the excessive speed of the vehicle, was utilized by the district court in justifying an upward departure from the applicable Guideline range. Hernandez argues: (1) the district court found the vehicle travelled in excess of 90 miles per hour, despite stating it was not resolving the disputed fact; (2) this finding was based on disputed hearsay evidence which violated his rights under the Confrontation Clause of the Sixth Amendment; and (3) the finding itself was clearly erroneous because he produced credible evidence to refute the alleged speed of the vehicle. We do not reach these issues because the district court did not make adequate findings on the record which would justify the upward departure.
 
 
 9
 This court's recent en banc decision in United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc), which was published after Hernandez was sentenced, enunciated a three step analysis for reviewing sentences outside the applicable Guidelines range. The first step is to determine whether the district court had legal authority to depart based on the identified aggravating circumstance. Lira-Barraza, 941 F.2d at 746. Hernandez concedes the district court had the legal authority to depart. We review the factual findings for clear error to determine if the identified circumstance existed. Id. Finally, we must determine whether the extent of the departure was unreasonable. Id. at 747.
 
 
 10
 To assist appellate review of the reasonableness of the departure, the district court must give "a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing Reform] Act and Guidelines." Id. at 751. "On review ... we do not search the record for permissible reasons for departure; instead, we analyze the reasons actually given by the district court. These reasons must be sufficiently specific to allow this court to conduct a meaningful review." United States v. Montenegro-Rojo, 908 F.2d 425, 428 (9th Cir.1990).
 
 
 11
 The district court calculated the sentence by determining the offense level under U.S.S.G. § 2L1.1(a) was nine. The base offense level was increased by two for reckless endangerment pursuant to U.S.S.G. § 3C1.2, and was then decreased by two for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The applicable Guideline range, utilizing Hernandez's criminal history category of III, was eight to fourteen months.
 
 
 12
 The district court departed upward from the Guideline range "[f]or the reasons stated on page 6 of the presentence report," and sentenced Hernandez to twenty-two months in custody. The district court did not state with reasoned specificity which facts and which Guideline provisions were being utilized to depart upward. The presentence report presents two alternative Guideline provisions under which the district court may have had authority to depart, but we will not search for reasons justifying the departure. Even if the presentence report were specific, the justification for an upward departure should not be articulated in a report prepared by a probation officer, but should be expounded by the district court itself.
 
 
 13
 This is especially true in this case where one of the potential grounds for an upward departure, Application Note 2 to § 3C1.2, required a higher degree of culpability than recklessness as defined in Application Note 1 to § 2A1.4. Actual malice or specific intent to place persons in harm's way would constitute such a degree of culpability, but such a finding would have to be both (1) explicitly made by the court, and (2) supported by the factual record.
 
 
 14
 For these reasons, the district court's "findings" are insufficient to satisfy Lira-Barraza. The conduct of Hernandez may easily justify an upward departure, but without a reasoned explanation, we cannot conduct a meaningful review of the district court's decision.
 
 C
 
 15
 On remand, the district court need not reduce the base offense level by two pursuant to U.S.S.G. § 3B1.2(b) because Hernandez failed to carry his burden of proving that his role in the offense was minor. If the district court determines an upward departure is necessary to adequately punish Hernandez, it must support the departure by citing on the record the particular provision which allows for a departure and specific facts which make the provision applicable.
 
 
 16
 The sentence is VACATED and the case REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 An unanswered question in this circuit is whether the defendant's actions are compared to a participant in the particular criminal offense or to an average participant in the type of crime. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 249 (1991); United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We need not decide this issue because " 'under either comparison the district court did not err.' " Andrus, 925 F.2d at 338 (quoting Howard, 894 F.2d at 1088)
 
 
 [2]
 The statement also indicated Alverdi could not identify the driver because he was seated in the back of the truck