**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Amanda BRISTOL, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Teresa MILLER, Defendant–Appellant.**

**Nos. 91–5193, 91–5200.**

United States Court of Appeals, Eleventh Circuit.

July 6, 1992.

Brenda G. Bryn, Asst. Public Defender, Miami, Fla., for Amanda Bristol.

William A. Meadows, Jr., Miami, Fla., for Teresa Miller.

Addrienne Rabinowitz, Linda Collins Hertz, Harriett Galvin, Asst. U.S. Attys., Miami, Fla., for U.S.

Before KRAVITCH and HATCHETT, Circuit Judges, and BROWN,[*] Senior Circuit Judge.

PER CURIAM:

Amanda Bristol and Teresa Miller appeal the sentences imposed upon their jury convictions for drug-related offenses. Because, in determining the Appellants' base-offense level, the sentencing court improperly included the weight of the liquid in which the illegal substance was contained, we vacate the sentences and remand to the district court for re-sentencing.

At the request of an individual who promised to pay defendants $4000 each, Bristol, Miller, and two co-defendants agreed to transport from Panama to the United States bottles of wine containing cocaine. Conducting a routine search of the two co-defendants' carry-on bags, a customs inspector at the Miami airport found eight wine bottles wrapped in newspaper and containing wine, lactose, and cocaine. One of the co-defendants agreed to cooperate with the investigators and explained that Bristol and Miller were arriving on a later flight with additional bottles of cocaine-laden wine.

When customs inspectors searched Bristol's and Miller's bags, they found seven bottles of wine that field-tested positive for cocaine. The DEA laboratory separated the pure cocaine from the solution in the bottles of wine and extracted 4.095 kilograms of cocaine.

A grand jury for the Southern District of Florida returned a four-count indictment charging Bristol, Miller, and their co-defendants with possession with intent to distribute cocaine, importation of cocaine, and two counts of conspiracy. In separate proceedings, juries found Bristol and Miller guilty on all counts. The probation officer calculated the total weight of the cocaine mixture to be 10.705 kilograms, and, under § 2D1.1(c) of the Sentencing Guidelines, recommended a base-offense level of 32 for each Appellant. Over Bristol's and Miller's objections, the sentencing court adopted the recommendation and included the total weight of the liquid in determining the sentences.

Asserting that the court misapplied the Guidelines, Bristol and Miller now appeal their sentences.

Bristol and Miller argue that, under our decision in *United States v. Rolande-Gabriel*, 938 F.2d 1231 (11th Cir.1991), the court should not have included in the total weight of the cocaine the weight of the wine used as a medium for transporting it because the mixture was not in a state to be consumed by the ultimate user.[1] Including the weight of the medium used for transporting cocaine, assert Bristol and Miller, would result in disparate sentencing, inasmuch as defendants transporting much larger amounts of usable cocaine would receive the same sentence as those who transport lesser quantities but who use a heavier substance for transporting.

The Government counters that *Rolande-Gabriel* is distinguishable because it involved an unknown liquid medium in which the cocaine had not completely dissolved. Citing the "Pony Malta" case involving a man left comatose after drinking a cocaine-laden soft drink his mother purchased in a Miami supermarket, the Government asserts that, even though the wine was not intended to be consumed, it could have been consumed by an unsuspecting consumer. The Government urges us to limit

---

1. It should be noted that this court decided *Rolande-Gabriel* after the district court made its decision applying the Guidelines in the instant case.

*Rolande–Gabriel* to cases in which investigators have discarded an unidentifiable carrier medium that has not completely mixed with the illegal drug.

Despite the Government's contentions, *Rolande–Gabriel*, a case in which the defendant carried drugs mixed in a non-drug liquid solution, is dispositive of the issue presented on this appeal. Distinguishing *Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), we stated in *Rolande–Gabriel* that in *Chapman*, "the LSD and other drugs ... were usable, consumable, and ready for wholesale or retail distribution when placed on standard carrier mediums, such as blotter paper, gel, and sugar cubes.... [Such mediums] 'can be and often [are] ingested with the drug.' " 938 F.2d at 1237 (quoting *Chapman*, 111 S.Ct. at 1926). Finding that the liquid found in Rolande–Gabriel's possession was like the " 'packaging' material" that the Supreme Court determined should be excluded from the total weight of the mixture calculated for sentencing, we adopted the "market-oriented" approach and determined that the sentencing court should have excluded the commercially unusable portions of the mixture containing cocaine. The Sixth Circuit took the same approach in *United States v. Jennings*, 945 F.2d 129 (6th Cir.1991). Although other circuits have explicitly declined to follow our approach, *see United States v. Walker*, 960 F.2d 409 (5th Cir.1992); *United States v. Lopez–Gil*, 965 F.2d 1124 (1st Cir.1992), *Rolande–Gabriel* is binding authority for the instant case. In calculating Bristol's and Miller's offense levels, the district court should not have included the weight of the wine. *See* 938 F.2d at 1238 ("the term 'mixture' in U.S.S.G. § 2D1.1 does not include unusable mixtures").

For the foregoing reasons we VACATE Appellants' sentences and REMAND for re-sentencing.