980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto GALVAN, Defendant-Appellant.
 No. 92-30179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Galvan appeals his sentence under the United States Sentencing Guidelines, following a guilty plea, for distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Galvan contends that the district court erred by denying him a downward adjustment in his offense level for being a minor participant in the offense pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Guidelines, while we review for clear error its determination regarding a defendant's role in the offense. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990).
 
 
 4
 The Guidelines allow a two-level downward adjustment "[i]f the defendant was a minor participant" in the offense. U.S.S.G. § 3B1.2(b).[1] A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n. 3). A defendant is not automatically entitled to a reduction for being a minor participant because he is less culpable than a co-defendant. United States v. Andrus, 925 F.2d 335, 337-38 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). "[C]ourier status alone does not require a role reduction. Culpability, not courier status, is the key." Zweber, 913 F.2d at 710 (defendant not entitled to minor role adjustment where "he picked up what he knew to be cocaine, handed the cocaine to the informant, and received money in return, demonstrating that he was trusted with responsibility in the deal"); accord United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). "The downward adjustment under section 3B1.2 is to be used infrequently." United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990).
 
 
 5
 The relevant facts are undisputed. Galvan was charged in three counts of a six-count indictment. Pursuant to a negotiated plea agreement, Galvan pled guilty to one count of heroin distribution. In exchange, the government dismissed the two remaining counts, conspiracy to possess with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Galvan and his co-conspirator, Jose Huerta, were both involved in the count of conviction. Huerta negotiated the price of the drugs, made the initial contact with the undercover agent, and arranged the time and place for the transaction. Galvan, acting on behalf of Huerta, met with the agent and exchanged the heroin for cash.
 
 
 6
 Galvan contends that the district court erred by denying him a minor role adjustment because he was merely a courier and thus less culpable than Huerta in the offense. This contention lacks merit.
 
 
 7
 In light of Zweber, we hold that the district court did not clearly err by finding that Galvan was not substantially less culpable in the offense of conviction. See Zweber, 913 F.2d at 710. Accordingly, the district court did not err by denying him a minor role adjustment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Galvan's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This circuit has not yet decided whether the defendant's actions are compared to a participant in the criminal offense of conviction or to an average participant in this type of crime in general. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We need not decide the issue here because " 'under either comparison the district court did not err.' " See Andrus, 925 F.2d at 338 (quoting Howard, 894 F.2d at 1088)