995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence E. AUSTIN, Defendant-Appellant.
 No. 92-30421.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1993.*
Decided May 26, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges
 MEMORANDUM**
 Lawrence E. Austin appeals his sentence imposed following his guilty plea to knowingly manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Austin argues that the district court erred in ordering a two level enhancement in his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. We have jurisdiction pursuant to 21 U.S.C. § 1291 and we affirm the district court's sentence.
 
 
 1
 A district court's determination that a defendant obstructed justice is a finding of fact which we review for clear error. United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990).
 
 
 2
 On May 15, 1992, Judge Marsh denied several pretrial motions filed by Austin in this case. A few days later Austin failed to appear for a judicial proceeding in Salem, Oregon concerning a state probation violation. Pretrial Services informed Judge Marsh of Austin's failure to appear at that proceeding and Judge Marsh issued a warrant for Austin's arrest. Austin was located and arrested on June 8, 1992, one day prior to his scheduled jury trial for the instant offense. Judge Marsh rescheduled Austin's trial date for June 30, 1992. The rescheduling was necessary because prior to Austin's arrest on June 8th, the attorneys were uncertain as to whether Austin would appear for the June 9th trial.
 
 
 3
 Section 3C1.1 of the Sentencing Guidelines provides for a two level increase in a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." The Application Notes for § 3C1.1 include a non-exhaustive list of the types of conduct which constitute obstruction of justice. Included in this list is "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1, Application Note 3(e).
 
 
 4
 Judge Marsh found that Austin's absconding from pretrial supervision did impede the administration of justice of the district court and that Austin had consciously acted with the purpose of obstructing justice. Accordingly, Judge Marsh ordered a two-level enhancement in Austin's offense level.
 
 
 5
 Austin argues that the evidence does not support a finding that he willfully obstructed or attempted to obstruct justice. He asserts that the evidence shows that he failed to appear at the probation violation hearing only to buy more time to find a home for his children during his pending incarceration. Austin also asserts that his abstention from supervision was not for a substantial enough period of time to indicate that he did not intend to make himself available to the authorities. Finally, Austin argues that he did not exhibit any intent not to appear for his trial on this offense.
 
 
 6
 We find that the record supports Judge Marsh's determination that Austin obstructed justice within the meaning of the Sentencing Guidelines. After receiving adverse rulings on his pretrial motions, Austin left his home and stopped reporting to Pretrial Services in violation of his Release Order. He was not apprehended until the day before his scheduled trial, necessitating the trial's postponement. Judge Marsh's finding that Austin had impeded the administration of justice of the district court and that he had consciously acted with the purpose of obstructing justice was not clearly erroneous. Accordingly, we affirm Austin's sentence. Cf. United States v. Avila, 905 F.2d 295 (9th Cir.1990) (upholding enhancement of defendant's offense level under U.S.S.G. § 3C1.1 for obstruction of justice where defendant violated his pretrial release by absconding from supervision for five months).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 334(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [1]
 The defendant in Avila did not contest the fact that his behavior amounted to an obstruction of justice. Rather he argued that his obstruction of justice could be mitigated by his voluntary surrender to the authorities after five months. The court held that whenever a trial court finds facts sufficient to amount to an obstruction of justice, a two-point enhancement pursuant to § 3C1.1 is mandatory. Id. at 297