995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pauline DOUGLAS, Defendant-Appellant.
 No. 92-30239.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1993.
Decided May 28, 1993.
 
 Before SKOPIL, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pauline Douglas appeals her sentence imposed under the Sentencing Guidelines after resentencing. She was originally convicted of possession with intent to distribute cocaine and distribution of cocaine. On appeal, we reversed her conviction for distribution but affirmed her conviction for possession. United States v. Douglas, No. 90-30232 (9th Cir. Oct. 24, 1991). On resentencing, the court declined to reconsider some of the factual findings made at the original sentencing.
 
 
 3
 In this appeal, Douglas contends that the district court erred by rejecting her claims that (1) her offense level should not have been increased for possession of a weapon; (2) the calculation of her offense level was incorrectly based on the total weight of the mixture containing cocaine; and (3) she was entitled to a four level reduction for being a minimal participant. We reject her contentions and affirm.
 
 DISCUSSION
 1. Possession of Firearm
 
 4
 Douglas argues that the district court erred by applying the law of the case doctrine to reject her contention that her sentence should not be enhanced for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) (1991). Under the law of the case doctrine, a court generally does not reconsider an issue previously decided by the same court or a higher court in the same case. Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.1990). We review the trial court's decision for abuse of discretion. Id. "A court properly exercises its discretion to reconsider an issue previously decided in only three instances: (1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different." Id.; see also United States v. Houser, 804 F.2d 565, 567-68 (9th Cir.1986).
 
 
 5
 Douglas does not explain which of the three reasons she relies on to argue that the district court abused its discretion by applying the law of the case doctrine to the firearm issue. The first decision was not clearly erroneous and she cites no intervening change in the law regarding possession of firearms. The only reason that could apply here is that the evidence on remand was substantially different. See United States v. Layton, 855 F.2d 1388, 1402-03 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 6
 Douglas, however, makes no claim that the evidence on remand was any different. Rather, she raised two new arguments at resentencing focusing on the lack of evidence to show that it was "clearly improbable that the weapon was connected with the offense." See U.S.S.G. § 2D1.1, comment. (n. 3). She argues that there was no ammunition found at the residence where the cocaine was seized and that there was no evidence that any weapons were used by Douglas or her codefendants. Douglas asserts that the first presentence report pointed out that no ammunition had been found on the premises. Even if the lack of ammunition had not been noted, that fact would not have made a difference in sentencing. In United States v. Heldberg, 907 F.2d 91, 94 (9th Cir.1990), the court held that the fact that a handgun was unloaded is not controlling. The court noted that the Sentencing Commission interprets U.S.S.G. § 2D1.1(b)(1) to apply to any object that appears to be a dangerous weapon. Id. Thus, the facts that no ammunition was found at the residence and that there was no evidence that any weapons were used by Douglas or her codefendants are not controlling. We conclude that Judge Singleton did not abuse his discretion by concluding that the law of the case doctrine applied to the firearm issue.
 
 2. Marketability of Cocaine
 
 7
 Douglas argues that the district court erred in determining the amount of cocaine. She asserts that the court improperly used the entire weight of cocaine seized to determine her base level offense when the substance was never proved to be in marketable form. At the original sentencing hearing, Judge Kleinfeld found that Douglas was responsible for over 1 kilogram of cocaine. Judge Kleinfeld did not make specific findings regarding the issue of marketability because Douglas did not raise the issue until resentencing. Therefore, the law of the case doctrine does not apply to that issue.
 
 
 8
 Douglas first contends that Judge Singleton failed to satisfy the requirements of Federal Rule of Criminal Procedure 32. Rule 32 requires that if the defendant alleges any factual inaccuracy in the presentence report, the court shall "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). When a defendant challenges the factual accuracy of a presentence report, strict compliance with Rule 32 is required. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 9
 If the district court did not rely on any disputed aspects of the presentence report, it was not necessary for the court to make findings responding to Douglas' objections. See id. at 1517 n. 2. Here, however, Judge Singleton did rely on the amount of cocaine in the presentence report. Douglas incorrectly asserts that Judge Singleton "did not even consider the issue." At resentencing, Judge Singleton said "I carefully reviewed the argument that has been made to determine a lesser quantity and don't find a reasonable basis for departing from Judge Kleinfeld's conclusions." We conclude that the district court complied with the substantive requirements of Rule 32.
 
 
 10
 Douglas also contends that Judge Singleton should have conducted an evidentiary hearing on the disputed matters. Rule 32(c)(3)(A) provides that a sentencing court may, in its discretion, allow the defendant to introduce evidence relating to alleged factual inaccuracies in a presentence report. We review for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989). It is not an abuse of discretion for a sentencing court to impose sentence without an evidentiary hearing if the court permits allegations in the presentence report to be rebutted by allowing a defendant to comment on the report or to submit affidavits or other documents. United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir.1990).
 
 
 11
 Douglas had an opportunity to introduce information relating to the alleged factual inaccuracy in her opposition to the presentence report as well as an opportunity to present arguments at the resentencing hearing. The district court did not abuse its discretion by denying an evidentiary hearing.
 
 
 12
 On the merits, Douglas argues that the court improperly used the entire weight of cocaine seized to determine her base level offense when the substance was never proved to be in marketable form. She urges that we should adopt the reasoning of the Second, Sixth and Eleventh Circuits in holding that if the medium in which the controlled substance cannot be ingested, it is not a "mixture or substance" and is therefore not properly considered in determining the defendant's base offense level. See, e.g., United States v. Salgado-Molina, 967 F.2d 27, 28-29 (2d Cir.1992) (mixture of cocaine in liqueur was not usable or ingestible without chemical extraction process); United States v. Bristol, 964 F.2d 1088, 1089-90 (11th Cir.1992) (per curiam) (wine laden with cocaine not intended to be consumed); and United States v. Jennings, 945 F.2d 129, 136-37 (6th Cir.1991) (methamphetamine not in final form and would be poisonous if ingested), modified, 966 F.2d 184 (6th Cir.1992).
 
 
 13
 Douglas contends that the testimony of the government criminalist established that the substance was not consumable. The criminalist testified that the substance was cocaine and although it was not 100% soluble, the "zero to 10 percent that was not soluble is just other compounds found in the cocaine, left over from the refining process." There is no evidence that the presence of "other compounds found in the cocaine" rendered the substance ingestible. Accordingly, we conclude that Douglas' argument has no application to the facts in this case and we reject her argument that the district court erred in determining the amount of cocaine.
 
 3. Minor v. Minimal Participant
 
 14
 Finally, Douglas argues that the court erred by not reducing her base offense level by four points pursuant to U.S.S.G. § 3B1.2(a) (1991) for being a minimal participant. At resentencing, Judge Singleton found that Douglas was entitled to a two point reduction pursuant to U.S.S.G. § 3B1.2(b) for being a minor participant, and he rejected her argument that she was a minimal participant.
 
 
 15
 A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent upon the facts of the particular case and will be upheld unless clearly erroneous. United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990). The commentary provides that minimal participant status
 
 
 16
 is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.
 
 
 17
 U.S.S.G. § 3B1.2, comment. (n. 1). The minimal role adjustment should be used infrequently. Id. at comment. (n. 2). In contrast, a minor participant is someone who is "less culpable than most other participants, but whose role could not be described as minimal." Id. at comment. (n. 3).
 
 
 18
 First, Douglas argues that the court "did not make specific analysis of the facts related to [her] request for minimal participant reduction." The district court is not required to make such express factual findings concerning a defendant's role in the crime. United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991). The court's obligation is to make clear its resolution of disputed matters. Id. The court's factual findings here are sufficient.
 
 
 19
 Douglas contends that her involvement was minimal because it was limited to residing at the place where the cocaine was seized and finding her fingerprint on a vinyl bag containing 956 grams of a substance containing cocaine. She argues that the court erred by examining her involvement under a "totality of conduct" analysis and that the court improperly relied on her prior conviction for drug possession as well as a reference in the presentence report to her preconviction purchases of handguns that later surfaced in relation to drug incidents.
 
 
 20
 A review of the record indicates that the district court did not rely on improper grounds to deny Douglas' claim of minimal role status. Merely being less culpable than one's co-participants does not automatically result in minor or minimal status. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); U.S.S.G. § 3B1.2, comment. (background). Moreover, possession of a substantial amount of narcotics is a ground for refusing to grant a sentence reduction for being a minimal or minor participant. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991); United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir.1989). Here, the government seized over one kilogram of cocaine from the premises, as well as a triple beam scale and a firearm under Douglas' bed. There was no clear error by the district court in rejecting Douglas' claim of minimal participant status.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3